# Wood *against* Reynolds.

It is the duty of a plaintiff to see that his judgment is rightly entered, for if the officer, in entering it, omits the initial letter in the defendant's name, which distinguishes him from others of the same name, whereby a purchaser of the defendant's real estate was deceived, although the judgment would be binding as between the original parties to it, there could be no recovery from the purchaser as a terre-tenant.

ERROR to the Common Pleas of *Luzerne* county.

John B. Wood against John Gruver with notice to E. M. Reynolds. The parties agreed to the following special verdict:—

"On the 18th day of February 1839, John *M.* Gruver gave a judgment-note to John B. Wood for the sum of $57.65, with interest from date. This note was entered of record in the Prothonotary's Office, on the 12th day of March 1839. It was entered in the name of John B. Wood *v.* John Gruver, leaving out the letter "*M*" upon all the dockets upon which the record stands; and on the 31st of March 1841, John M. Gruver sold his land to E. W. Reynolds. Mr Reynolds examined the record, and assumed to pay all such judgments as he supposed were liens upon the land of the said John M. Gruver; and obtained a list of the judgments against John *M.* Gruver, from one of the clerks of the office, which list was not certified. The judgment of John B. Wood against John Gruver was left out of all the lists, as there was a John Gruver in Newport, against whom there *are* and *were*, at the time of the above transactions, various judgments upon record; also, John Gruver, the father of the defendant, then resided in the borough of Wilkesbarre. After Reynolds had assumed to pay all the liens or judgments upon the land, except the judgment of Wood, and had also assumed, and become absolutely liable for other simple contract debts, to the amount of the purchase money of land purchased of Gruver, John B. Wood demanded payment of the above judgment. After such demand by Wood, Reynolds assumed and paid another simple contract debt, which the said Gruver then owed to Gilbert Laird, of about $30.

"If the court should be of opinion, from the foregoing state of facts, that the above judgment is a lien, as to Reynolds, the purchaser, without further notice than such as appears of record, then judgment is to be entered against John M. Gruver and E. W. Reynolds; but if the court should be of opinion that the land is not bound for the payment of the judgment, in the hands of the purchaser, then judgment is to be entered against John M. Gruver alone: the right to take a writ of error reserved to each party."

The court below rendered a judgment for the terre-tenant.

*Kidder*, for plaintiff in error, cited 4 *Watts* 329.

*Butler*, contra, cited 6 *Whart.* 340 ; 5 *Watts* 186.

PER CURIAM. — It is certain that an initial, standing with a name of baptism, is no part of it in pleading; but it follows not that an omission of it is to be disregarded as an index of notice to purchasers. Persons of the same name are individuated by various additions; sometimes by title, profession, residence or seniority; sometimes by numerals; sometimes by colour of the complexion or hair; and sometimes by an initial. The absence of the badge, in this instance, misled a purchaser; and though the judgment is good against the defendant, it is bad against the terre-tenant. It was the plaintiff's business to see his judgment properly entered; and he must bear the loss caused by his negligence, rather than one who is in no default whatever. Though the terre-tenant was apprized of the defect before he had paid the last shilling, he was bound by his engagement to pay; and actual notice came too late.

Judgment affirmed.