## Esther Hutchinson's Appeal.

1. The omission of the middle letter in a name in the judgment-index is fatal to a lien.

2. There can be no distinction between purchasers and subsequent judgment-creditors. The latter must be presumed to have searched for prior liens before giving credit to the defendant, and whether they did or did not, the rule which requires the judgment-index to give accurate information cannot be departed from. It is always the duty of the plaintiff to see that his judgment is correctly entered on the index.

3. Wood *v*. Reynolds, 7 W. & S. 406, followed.

November 17th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ. STERRETT and GREEN, JJ., absent.

Appeal from the Court of Common Pleas of *Butler county*: of October and November Term 1878, No. 91.

Appeal of Esther Hutchinson from the decree of the court overruling her exceptions to the report of the auditor to distribute the fund arising from the sheriff's sale of the real estate of W. A. Black.

Rev. William A. Black and M. H. Black, his wife, on the 23d of August 1875, made their joint judgment-note to Esther Hutchinson for $717, due in one year. On the same day judgment was entered on this note in Butler county, at October Term 1875, but by mistake the middle initial " A " was omitted and the letter " G " inserted in its place, and the judgment was entered as against " W. G. Black." At the time this judgment was entered, judgments were entered against W. A. Black, which, at the time of the sale of his real estate, amounted to about $2400.

Mr. Black's real estate was sold by the sheriff of Butler county on October 1st 1877, to Mrs. Hutchinson for $4600. Several judgments were entered subsequent to Mrs. Hutchinson's, more in all than the fund realized by the sheriff on the sale of the land. All the judgments, except Mrs. Hutchinson's, were entered against W. A. Black.

An auditor was appointed to make distribution, and after a hearing of the matter made a report, allowed no part of the fund to be applied to the payment of Mrs. Hutchinson's judgment, and gave as a reason that the judgment was entered against W. G. Black and not against W. A. Black.

Mrs. Hutchinson excepted to the report, but the court, Bredin, . P. J., overruled her exceptions and confirmed the report. From this decree this appeal was taken.

*McCandless & Greer*, for appellant.—The law knows of but one Christian name. The insertion or omission of a name is therefore immaterial and may be disregarded: Edmundson *v*. State, 17 Ala. 179; Thompson *v*. Lee, 21 Ill. 242; Erskine *v*. Davis, 25 Id. 251; Bletch *v*. Johnson, 46 Id. 110; Hendershott *v*. Thomp-

[Hutchinson's Appeal.]

son 1 Mor. (Iowa) 186 ; State *v.* Martin, 1 Mo. 391; Hart *v.* Lindsey, 17 N. H. 235 ; King *v.* Hutchins, 28 Id. 561; Dilts *v.* Kinney, 15 N. J. 130 ; Franklin *v.* Talmadge, 5 Johns. (N. Y.) 84 ; Keene *v.* Meade, 3 Pet. 7 ; Roosevelt *v.* Gardinier, 2 Cow. (N. Y.) 463 ; Allen *v.* Taylor, 26 Vt. 599.

No man can have more than one Christian name, and an initial letter betwixt the Christian and surname is no part of either : Rex *v.* Neuman, Ld. Raym. 562; Bratton *v.* Seymoure, 4 Watts 329 ; Paul *v.* Johnson, 9 Phila. Rep. 32 ; Milk *v.* Christie, 1 Hill 102.

The law supposes every person to have two names—one the family, the other the given name. A separate single letter is not a name : Frank *v.* Levie, 5 Rob. 599 ; cited in 4 Abbott's N. Y. Dig.

*Thompson & Scott, George W. Fleeger* and *McJunkin & Campbell,* for appellees.—The lien docket is not a record but an index : 4 Wright 213. If the Christian names of the defendants are not entered on the judgment-docket, the judgment does not affect subsequent purchasers or judgment-creditors: 3 Harris 177. The entry of a wrong Christian name would be worse than its omission. The entire want of the name might invite inquiry, and lead to an examination, but when the record is complete in form, but wrong in fact, no suggestion of error is made. The creditor is not only thrown off his guard, but the only record which is evidence to him gives him assurance that it is perfect. Why should not he be protected? His only protection is to displace the former judgment erroneously entered. Of similar import are 6 Wharton 349 ; 11 Id. 99 ; 5 Watts 186 ; 11 Whart. 99 ; Wood *v.* Reynolds, 7 W. & S. 406 ; 4 Wright 213 ; 11 P. F. Smith 457. The current of authority is uniform and unbroken, and sustains the view that only judgments entered against the defendant properly, and in his right name, can claim the proceeds of the sale of his real estate, against other judgment-creditors.

The judgment of the Supreme Court was entered Nov. 28th 1879,

PER CURIAM.—This case is ruled by Wood *v.* Reynolds, 7 W. & S. 406. It was there held that the omission of the middle letter of a name in the judgment-index was fatal to the lien. " It is certain," say the court, " that an initial, standing with a name of baptism, is no part of it in pleading; but it follows not that an omission of it is to be disregarded as an index of notice to purchasers." There can be distinction between purchasers and subsequent judgment-creditors. The latter must be presumed to have searched for prior liens before giving credit to the defendant, and whether they did or not, the rule which requires the judgment-index to give accurate information cannot be departed from without great danger. It is always the duty of the plaintiff to see that his judgment is correctly entered on the index.

Decree affirmed and appeal dismissed at the costs of the appellant.