F. H. Massey, Assignee of John J. Krider, who was Assignee of Horatio P. Connell, Sheriff, as of Andrew Miller, v. Michael Noon and The Real Estate Title Insurance & Trust Company, Terre Tenants.

*Vendor and vendee—Purchaser for value—Notice—Middle letter.*

Where by mistake the name of Lewis R. Renshaw instead of Lewis S. Renshaw was inserted in a writ of sci. fa. to revive a judgment, such writ is not notice to purchaser for value in a chain of title from said Lewis S. Crouse v. Murphy, 140 Pa. 335, followed.

*Vendor and vendee—Fraud—Innocent purchaser.*

It is now the settled American doctrine that a bona fide purchaser for a valuable consideration is protected under the statute of 13 and 27 Elizabeth as adopted in this country whether he purchased from the fraudulent grantor or grantee.

Where it is undisputed that a purchaser of a ground rent paid a full consideration, and it is established that he foreclosed without notice of

any facts constituting an alleged fraud between his predecessors in the title, then his title is perfect and a nonsuit is properly entered in a suit on the ground rent which challenged his title.

Argued Dec. 17, 1895.   Appeal No. 45, Nov. T., 1895, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1894, No. 214, refusing to take off nonsuit.   Before RICE, P. J., WILLARD, BEAVER, REEDER, WICKHAM, McCARTHY and ORLADY, JJ. Affirmed.

Assumpsit to recover $450, being three half yearly payments of ground rent, defendant pleading non assumpsit, set-off, payment, payment with leave, etc.

The facts of the case are fully set out in the opinion of the Superior Court.

*Error assigned* was the refusal to take off nonsuit.

*E. O. Michener*, for appellant.—The principle of caveat emptor is a maxim which enters into every purchase : Alexander v. Kerr, 2 Rawle, 83.   Whatever put the party on inquiry amounts to notice, provided the inquiry becomes a duty as in the case of a purchaser, and would lead to the knowledge of the requisite fact by the exercise of ordinary diligence and understanding : Jacques v. Weeks, 7 Watts, 261 ; Hood v. Fahnestock, 1 Pa. 470 ; Knouff v. Thompson, 16 Pa. 357.   On the duty of inquiry cited : Guthrie v. Watson, 33 Leg. Int. 444 ; Ferguson v. Rafferty, 128 Pa. 337 ; Leonard's App., 94 Pa. 168 ; Eichelberger v. Gitt, 104 Pa. 64 ; Hottenstein v. Lerch, 104 Pa. 454.   It is proper practice to issue a sci. fa. as was done in this case : Haak's App., 100 Pa. 59.

*J. Willis Martin*, for appellee.—A party cannot give as evidence his own fraud : Gill v. Henry, 95 Pa. 388 ; Allebach v. Hunsicker, 132 Pa. 349.

A bona fide purchaser for a valuable consideration is protected under the statute 13 Eliz. as adopted in this country whether he purchased from the fraudulent grantor or fraudulent grantee : Burger v. Dankel, 100 Pa. 113 ; Jones v. Pierce, 134 Pa. 533.   It is well settled that a judgment is not a lien upon land acquired by a deed of entry of date of judgment and

. 200        MASSEY, Appellant, *v.* NOON.

Arguments—Opinion of the Court.        [1 Super. Ct.

transferred before execution was issued: Calhoun v. Snyder, 6 Binn. 135. Even if there had been any virtue in the sci fa. the present owner was not affected with notice of it by reason of the omission of the middle letter of his grantor's name: Crouse v. Murphy, 140 Pa. 335.

OPINION BY WILLARD, J., January 20, 1896:

On December 20, 1889, Michael Noon purchased a piece of real property by deed from Andrew Miller, which deed was duly recorded. By the terms of the deed a yearly ground rent was reserved by Miller, the grantor, of $120, payable semiannually on the first days of October and April. This ground rent is now claimed by the appellant and by Craig D. Ritchie. In order to arrive at the merits of this controversy a concise statement from the testimony offered is deemed necessary. It appears that on June 27, 1891, Andrew Miller and wife conveyed the reserved ground rent to James Jones, which deed was recorded on the same day. On July 6, 1891, a judgment was entered in the court of common pleas No. 2, of Philadelphia, against Andrew Miller in favor of John J. Krider for $12,400. On July 9, 1891, Jas. Jones reconveyed to Miller said ground rent, which was duly recorded, and on the same day Andrew Miller and wife conveyed the same by deed to Lewis S. Renshaw, recorded July 10, 1891. On July 13, 1892, a writ of scire facias was issued upon the judgment of Krider against Miller with notice to Lewis R. Renshaw, terre tenant, and returned "nihil habet" as to him. On September 8, 1892, Lewis S. Renshaw and wife conveyed the ground rent to Craig D. Ritchie by deed, which deed was recorded October 4, 1892. On March 18, 1893, Horatio P. Connell, sheriff of Philadelphia, conveyed by deed to Jno. J. Krider the ground rent, seized in execution and sold by him as the property of Andrew Miller by virtue of a writ of venditioni exponas issued upon the judgment of Krider against Miller, entered in common pleas No. 2, on July 6, 1891. On February 17, 1894, Jno. J. Krider and wife conveyed the ground rent by deed to the appellant.

The appellant brought his action of assumpsit sur covenant in a ground rent deed in the court below against Michael Noon, defendant, and the Real Estate Title Insurance and Trust Company, terre tenants. On the trial it appeared that Lewis S.

Renshaw was secretary of the corporation named as terre tenant; that Andrew Miller's deed to Jas. Jones was without consideration and that Jones did not know of the conveyance when it was executed on June 27, 1891. Miller testified that after his deed to Renshaw the company of which Renshaw was secretary did not fulfill its agreement with him; he also testified that after the sheriff's sale to Krider, Mr. Cavin, president of the Real Estate Title Insurance and Trust Company, sent for him to come to the office. While there he told Cavin that the ground rents were not in his name but in the name of Jas. Jones. Cavin asked him if Jones would assign them. He said, yes. Cavin asked him to bring Jones to the office and he did so. Miller also testified as to the conversation at the office, viz:

Q. What conversation took place between you and Mr. Cavin and Mr. Jones at that time? A. Mr. Jones and I went in and I introduced Mr. Jones, and I said he was the gentleman who had the title to the ground rents mentioned, and he put the question to Mr. Jones if he had any interest in them, and Mr. Jones said, no, that he would assign at any time. Q. Following upon that what was done? Did Mr. Jones assign them? A. Mr. Jones agreed and I was not there when Mr. Jones assigned them, but they came to me the following day with the assignments for me to assign back to the company, as Mr. Jones had assigned them back to me. Q. You executed that assignment to Mr. Renshaw? A. Yes, sir. Q. Who was there? Who was he? A. I did not know him in the transaction. Q. Did he hold any position with the company? A. I never had any business with him to my knowledge. I do not know him by name, but I might know him if I saw him.

Jas. Jones testified that he knew nothing about the assignment of the ground rents to him by Miller at the time of the assignment, but afterwards was informed by Miller and agreed with him to go to Mr. Cavin's office and reconvey them to Miller; that he and Miller went together; that while there neither Cavin nor any other person asked him anything about his interest in the ground rents, and in answer to a question by the court he testified positively that there was no conversation between him and Cavin about it. Here was a square contradiction between Miller and Jones. The evidence is uncontradicted that Craig D. Ritchie purchased the ground rents for a full

consideration. If the title of Mr. Ritchie to these ground rents is good, then the court below committed no error in refusing to take off the nonsuit. It being undisputed that he paid full consideration, if he was a purchaser without notice of any of the facts constituting the alleged fraud upon creditors (as claimed by appellant), then his title is perfect. Was he such purchaser without notice, is the question in this case. It is not alleged nor is it claimed that he knew of the transactions between Miller, Jones, Renshaw or Cavin, nor is there any testimony that he had any knowledge of these transactions. What might be the state of this case if Renshaw was the owner of the ground rents it is not necessary for us to determine. If we are satisfied that Ritchie was the owner of these ground rents and had purchased them for a valuable consideration without notice, then the judgment must be affirmed and we need not trouble ourselves with any questions between Renshaw and the appellant. In making his investigation before purchase it was the duty of Mr. Ritchie to examine the record as to the title and incumbrances if any. He had purchased from Lewis S. Renshaw, and upon the record was a deed from Andrew Miller and wife to Renshaw, duly recorded, dated July 9, 1891. The judgment of Andrew in favor of Jno. J. Krider, entered on July 6, 1891, was no lien upon this property of Andrew Miller, because the record also showed that it had been deeded to him by Jas. Jones on July 9, 1891, therefore it was property acquired after the date of the judgment of Krider against Miller above referred to. Next there was a deed from Andrew Miller and wife to Jas. Jones for the same property, dated and recorded June 27, 1891, nine days before the entry of the judgment of Krider against Miller. On further examination it appeared that a writ of scire facias issued on July 13, 1892, to revive the judgment of Krider against Miller with notice to one Lewis R. Renshaw, terre tenant, with a return by the sheriff as above stated.

Under the facts thus stated the court below ordered a nonsuit, and upon motion declined to take it off. This is assigned for error which is now here for review.

It is claimed by the appellant that the scire facias, issued to revive the judgment of Krider against Miller in which Lewis

R. Renshaw was named as terre tenant, was constructive notice to Ritchie that Miller had an interest in the ground rents conveyed to him by Lewis R. Renshaw. Had Lewis Renshaw been named instead of Lewis R. as terre tenant, it would have been no notice. Lewis R. was named but Mr. Ritchie's vendor was Lewis S., and it was his duty to look for liens against Lewis S. Renshaw and no other person. If by mistake the name of Lewis R. was inserted in the writ when it should have been Lewis S., that was the fault of the person who made the mistake and not of the purchaser for value; he was not called upon to make search or inquiry except in the line of his true title. The position of the appellant on this point is untenable. In Wood v. Reynolds, 7 W. & S. 406, our Supreme Court held that a judgment against John Gruver was no notice to a purchaser for value of a judgment against John M. Gruver; and in Crouse v. Murphy, 140 Pa. 335, it was held that a judgment against Daniel Murphy was no notice to an innocent purchaser, without actual notice of a judgment against Daniel J. Murphy. The judgment against Miller was not in the chain of title. Miller had conveyed to Jones before the judgment was entered. When Miller again took title from Jones it became after-acquired property and was not bound by the lien of a judgment previously entered.

Calhoun v. Snyder, 6 Binn. 135. From June 27, to July 9, 1891, Jones held title to the property that Miller could not gainsay; therefore the title being in Jones, judgment entered against Miller while Jones held the title was no lien, and after the reconveyance the lien did not attach because the title was acquired after the entry of the judgment.

We have before stated that we are not inquiring into the merits of a controversy between the appellant and Renshaw or between the appellant and the Trust Co. At bar it was stated that the learned judge before whom the case was tried nonsuited the plaintiff for the reason that the notice to the company came through Miller and not through Jones, who held the legal title at the time of the notice, and it was insisted that the case having been tried upon that theory in the court below, it must be argued and considered here upon the same theory. We have before us for consideration the refusal of the court below to take off the nonsuit, and cannot be confined in our con-

siderations and reasons to any particular theory suggested either by the appellant or appellee. We are satisfied, after a careful consideration of the record and the able argument of counsel, that whatever may have been the relationship between the appellant, his grantor, and Renshaw and the Trust Co., Craig D. Ritchie was a bona fide purchaser of these ground rents for a valuable consideration without notice. And as was said in Hood v. Fahnestock, 1 Pa. 470, by SERGEANT, J.:

"It is now the settled American doctrine that a bona fide purchaser for a valuable consideration is protected under the statute of 13 and 27 Elizabeth as adopted in this country, whether he purchased from the fraudulent grantor or fraudulent grantee."

The judgment is affirmed.