## Siegfried's Estate.

*Decedents' estates—Real estate—Judgments improperly indexed—Judgment notes—Identity of maker—Lien.*

1. Decedent, prior to her death, took title to property under the name of Annie Phillips Siegfried. Having been divorced, she sometimes used her maiden name of Annie R. Phillips, and executed three judgment notes by that name, which were recorded. She also gave a promissory note in the name of Annie R. Siegfried. At audit the holder of the promissory note objected to the allowance of the judgments as preferred claims against the fund, on the ground that they were improperly docketed and were not a lien upon the real estate: *Held*, that the identity of the person being the same, the real estate was bound by the judgments, and that they were entitled to payment before the claims of common creditors.

2. The purpose of the judgment docket and judgment index is to give notice to purchasers, subsequent encumbrancers, and all others in interest, but where no one has been harmed or misled by the want of proper notice, the validity of the judgment is not impaired, and it is good against the defendant. An unsecured creditor holding a promissory note has no standing to question the lien of such judgments unless he specifically shows that he dealt with the maker of the note on the credit of the real estate.

Audit. Objections to allowance of preferred claims. O. C. Berks Co.

*Wm. Kerper Stevens*, for objectors.

*Edgar S. Richardson* and *Ralph H. Mengel*, contra.

SCHAEFFER, P. J., Oct. 29, 1921.—The balance for distribution represents a fund realized from the sale of real estate. There is no balance in the personal estate. Of the secured claims presented against the fund at the audit, the following are objected to:

Judgment entered to No. 78, August Term, 1920, for the sum of $300 against Annie R. Phillips, in favor of the Reading Industrial Loan and Thrift Company.

Judgment entered to No. 79, August Term, 1920, for the sum of $200 against Annie R. Phillips, in favor of the said thrift company. The balance due on these two judgments is $234.40.

Judgment entered to No. 113, December Term, 1920, for the sum of $260 against Anna R. Phillips, in favor of Mengel & Mengel. Amount due on said note, principal and interest, is $275.

Among the unsecured claims is a promissory note dated March 19, 1920, for $105, payable sixty days after date at the Reading National Bank to W. K. Stevens, Esq. This note is signed by Annie R. Siegfried. Counsel for the holder of this note objects to the allowance of the above three judgments as preferred claims against the fund in this account, on the ground that the judgments are improperly docketed and indexed, the decedent having signed the judgments as Annie R. Phillips and taken title to the real estate as Annie R. Siegfried.

It appears that the decedent up to 1919 was married to Fred W. Siegfried, when she was divorced from him, as shown by the record to No. 37, April

Term, 1919, filed in the prothonotary's office. After she was divorced, she appears in various business transactions as either Annie R. Phillips Siegfried—married name—or Annie R. Phillips—maiden name. The deed to the property, from the sale of which the balance here was realized, was in the name of Anna Phillips Siegfried, and is dated Feb. 17, 1920. A mortgage given to the Pennsylvania Trust Company on or about the time the decedent took title to the property was signed by Annie R. Phillips Siegfried. The three judgments above set out—two in favor of the loan company and one to Mengel & Mengel—are signed Annie R. Phillips and Anna R. Phillips. The promissory note of W. K. Stevens, Esq., is signed by Annie R. Siegfried.

The question presented is whether the three judgments were liens on the real estate of the decedent.

It is admitted that Annie R. Phillips, Anna R. Phillips, Anna Phillips Siegfried and Annie R. Siegfried are the same person. It is clear, therefore, that the real estate in the hands of that person would be bound. Having signed her name in the form in which it appears on the judgment index, she could not object to the enforcement of the judgment against her property. As between her and her creditors, it is a question of personal identity: Crouse v. Murphy, 140 Pa. 335, 340; Delaney v. Becker, 14 Pa. Superior Ct. 392. But the representatives of decedent's estate are not objecting. A common creditor, who holds a promissory note against decedent, contends that because the signatures to the judgments and the entries in the index vary from the name in the deed by which decedent acquired title, the judgments were not properly docketed and indexed, and, consequently, were no lien on the real estate.

The purpose of the judgment docket and judgment index is simply to give notice to purchasers, subsequent encumbrancers and all others in interest: The York Bank's Appeal, 36 Pa. 458; and, hence, a defective entry in either fails to be such notice: Ridgway's Appeal, 15 Pa. 177. But where no one has been harmed or misled by the want of proper notice, the validity of the judgment is not impaired, and it is good against the defendant: Wood v. Reynolds, 7 W. & S. 406. Consequently, a judgment that is improperly and defectively indexed is good between the parties and binds the real estate, unless a subsequent purchaser, judgment creditors, mortgagee or other person interested in the real estate was prejudiced in his rights or injured by failure to fully and properly index the same.

If the objection against the lien of these judgments were raised by a purchaser of the real estate or subsequent judgment creditors or mortgagees, who had either bought or loaned money after a search of the records and with no actual notice of the existence of these judgments, there could be no question that the judgments indexed in the name of Phillips, when the recorded title stood in the name of Siegfried, would not be binding as against the purchaser and should be postponed to the other judgment creditors: Crouse v. Murphy, 140 Pa. 335; Smith's Appeal, 47 Pa. 128.

But here we have an unsecured creditor, who had no lien on decedent's real estate during her lifetime, and who has not shown that he dealt with her on the credit of her real estate, or that he was misled or deceived by the record, urging that because the judgments were not properly indexed, they were not liens and can only participate as common claims.

As we have already stated, the judgment docket and index are the instruments of constructive notice to all persons of the judgments entered in them, and unless the party complaining of a defective entry can show that he was entitled to notice, he is not in a position to attack the lien of a judgment erroneously indexed. An unsecured creditor holding a simple promissory note

1 D. & C.

Siegfried's Estate.

has no standing to question the lien of a judgment improperly indexed, unless he specifically shows that he dealt with the maker of the note on the credit of his real estate.

That such was not the case here is not only shown by the absence of any testimony on this point, but also by the fact that the note of Mr. Stevens is dated March 19, 1920, and the judgments were entered to August and December Terms, 1920.

In view of these facts and the additional circumstance that the money raised on two of the judgments in question was used to purchase the property, the sale of which produced the assets in this account, we cannot say that these judgments were not liens and are entitled to a preference as such in this distribution.

From Wellington M. Bertolet, Reading, Pa.