## Arch Street Building and Loan Association v. Sook.

*Gerald F. Flood* and *Charles L. Taylor*, for plaintiff.
*Peck & White*, for defendant.

GORDON, JR., J., Feb. 5, 1931:—This is a bill in equity to remove a cloud upon title. The facts are undisputed, and the case turns upon a question of law. On Feb. 5, 1926, William B. Edmondson, being then the owner of a piece of real estate on the west side of Marston Street, in the City of Philadelphia, 320 feet 6 inches south of Allegheny Avenue, and known as No. 3122 North Marston Street, mortgaged the same in the sum of $2500 to Anna B. Sook, the defendant, and, on the same day, placed a second mortgage upon said property in the sum of $1400 in favor of the plaintiff. On July 10, 1928, the plaintiff instituted foreclosure proceedings on its second mortgage, and in July, 1929, bought in the property for $50 at the sheriff's sale under those proceedings. The sheriff's advertisement gave notice that the property was being sold under and subject to the first mortgage held by the defendant, and the deed by which the sheriff conveyed the property to the plaintiff recited that it was so con-

veyed. Thereafter the plaintiff made three payments to the defendant in the aggregate sum of $500 on account of principal of the first mortgage and one on account of interest due on Aug. 5, 1930. It was then discovered that Edmondson, who had originally placed the mortgages on the property, had acquired title to it from Charles W. Geick and Bertha L. Geick, his wife, who had held it as tenants by entireties, and that, on Sept. 5, 1925, while title to the property was in the Geicks, judgments had been entered against them upon a judgment note, which they had signed as Charles W. Geick and Bertha Geick, respectively, and which the prothonotary had indexed against Charles W. Geick and Bertha Geick separately and not jointly, omitting the middle initial of the latter's name. From these facts the question arises whether the judgment so entered against the Geicks was a lien upon the property. If it was not, the sale by the sheriff under the second mortgage did not discharge the first mortgage held by the defendants. If it was, the sale discharged the lien of the first mortgage, as it was preceded by the judgment.

The authorities which hold that the omission of a middle initial in the recording of a mortgage will not operate to discharge it have no application to the case before us. A sharp distinction is drawn between recorded mortgages and indexed judgments. In the former, the omission of the middle initial of a name does not avoid the lien of the mortgage, for a mere inspection of the recorded instrument itself would disclose whether it was upon the land whose title is being searched. In the latter, however, such an omission is fatal to the lien of the judgment, for an inspection of the files of the case in which the judgment was entered would, in most if not in all instances, fail to disclose the identity of the judgment debtor with the ownership of the land under search. The record of a case in which a judgment is secured against John Smith in an action of trespass or contract would be of no aid in determining whether that John Smith is the John L. Smith who is the registered owner of a particular piece of property. So in Crouse v. Murphy, 140 Pa. 335, the Supreme Court held that, even though an examination of the files might establish the identity of the two, subsequent purchasers are not required to go beyond the lien docket, and may buy unaffected by anything that a further search would disclose. This seems to be the reason for requiring exact correspondence between the names in which the land under search is held and the judgment recorded in order to make the lien of a judgment effective. Indeed, so inflexible is the rule which requires such correspondence between the name of the owner and that of the judgment creditor that the Supreme Court held, in Pennsylvania Co. for Ins. on Lives and Granting Annuities v. Halpern, 273 Pa. 451, that an indexed judgment which omitted the middle initial is not a lien as against a purchaser at a sheriff's sale, even though the purchaser had actual notice, at the time he bought, of the true identity of the judgment creditor. This rule, which relieves a purchaser at a sheriff's sale from the consequences of actual knowledge of facts, is rendered necessary because "at the sheriff's sale the same rule must apply equally to all bidders, the mortgagee as well as others, without regard to what their private information may be of facts *dehors* the record. This puts them all upon an equal footing, as the bidder is not bound to look beyond the record, nor has he any right to affect his relation to others by any such evidence:" Reading v. Hopson, 90 Pa. 494; Coyne v. Souther, 61 Pa. 455; Reisinger v. Smokeless Coal Co., 262 Pa. 530.

These principles lead inevitably to the conclusion that, as to all except the judgment debtor and creditor, the omission of a middle initial in the indexing of a judgment is fatal to its lien upon land owned by the judgment debtor if title to the land stands in his name with the middle name or initial included,

which was definitely held in Wood v. Reynolds, 7 W. & S. 406, and Hutchinson's Appeal, 92 Pa. 186.

This being the state of the law upon this question, we see no distinction to be drawn, in its application to the case before us, from the facts that the judgment here was against a husband and wife who held title as tenants by the entirety and that the judgment against the husband was indexed in his correct name, although that against the wife omitted her middle initial. The searcher of the index, not being required to turn from the index itself to the files of the case, would have been no less misled by the discovery of this situation than if the title had been held by a single individual and the judgment entered with his middle initial omitted. Notwithstanding the searcher's suspicions might be aroused by the discovery of the husband's name on the index, the failure to find the wife's name indexed would lull him into security. If he was justified in assuming, because of the absence of the middle initial, that Bertha Geick was not identical with Bertha L. Geick, as the authorities hold, then he was also justified in assuming that Charles W. and Bertha Geick of the indexed judgments could not be the Charles W. and Bertha L. Geick who held title to the property in question as husband and wife. And even had he special knowledge to the contrary, or been able to discover it from an inspection of the record in the suit which resulted in the judgment, the authorities all agree that, in order to maintain equality between bidders, the law forbids such knowledge to be charged to him. The facts, therefore, that the Geicks were tenants by the entirety and that the husband's name was correctly indexed does not take the case out of the principles already indicated; and it follows that the defendant's mortgage was not discharged by the sheriff's sale and that the plaintiff bought the property at that sale subject to the lien of the mortgage. This being so, we make the following findings of fact in the case:

## Findings of fact.

1. The plaintiff is owner of certain premises situated on the west side of Marston Street, 320 feet 6 inches south of Allegheny Avenue, being No. 3122 North Marston Street, in the 38th ward of the City of Philadelphia, State of Pennsylvania.

2. The plaintiff acquired title by deed from Thomas W. Cunningham, High Sheriff of the County of Philadelphia, by deed dated July 8, 1929, recorded at Philadelphia in Deed Book J. M. H., No. 3042, page 276, etc.

3. Charles W. Geick and Bertha L., his wife, were plaintiff's predecessors in title to the said property and acquired title by entireties from Clara R. Buck, executrix under will of Harvey E. Buck, by deed dated May 3, 1920, and recorded at Philadelphia in Deed Book J. M. H., No. 871, page 28, etc.

4. Charles W. Geick and Bertha L., his wife, by deed bearing date Feb. 5, 1926, and recorded at Philadelphia, granted and conveyed the said premises to William B. Edmondson.

5. William B. Edmondson, on Feb. 5, 1926, while he was the owner of said premises, mortgaged said premises in the sum of $2500 to defendant in return for a loan of said amount, and said mortgage was recorded at Philadelphia on or about Feb. 20, 1926, in Mortgage Book J. M. H., No. 5052, page 439, etc.

6. William B. Edmondson, on Feb. 5, 1926, while he was the owner of said premises, mortgaged the same in the sum of $1400 to the plaintiff, Arch Street Building and Loan Association, now merged into Reserve Fund Building and Loan Association, in return for a loan of said amount, and said mortgage was recorded at Philadelphia on or about Feb. 21, 1926, in Mortgage Book J. M. H., No. 5014, page 463, etc.

7. On Sept. 5, 1925, while title to said premises was held by Charles W. Geick and Bertha L., his wife, as tenants by entireties, the Penn Loan Company entered judgment against Charles W. Geick and Bertha Geick in the sum of $125 in Court of Common Pleas No. 3 of Philadelphia County, as of June Term, 1925, No. 17829. Said judgment is still unsatisfied of record and no part thereof has been paid.

8. On July 10, 1928, the plaintiff entered foreclosure proceedings on its mortgage, and the premises No. 3122 North Marston Street, bound by the lien of its mortgage, were sold by the Sheriff of Philadelphia County on the first Monday of July, 1929, to plaintiff for $50.

9. The sheriff's deed to the plaintiff was acknowledged on July 9, 1929, and is recorded at Philadelphia in Deed Book J. M. H., No. 3042, page 276, etc.

10. Charles W. Geick and Bertha L., his wife, who acquired title to said premises from Clara R. Buck, executrix, are the same persons against whom Penn Loan Company entered judgment Sept. 5, 1925, and said judgment was unpaid and unsatisfied of record at the time of the sheriff's sale of said premises on the first Monday of July, 1929, and is still unpaid and unsatisfied of record.

11. After the acquisition of title to said premises at the sheriff's sale, the plaintiff paid to the defendant various sums, amounting to $721.87, on account of principal and interest on said mortgage, held as aforesaid by the defendant, the last of said payments being made on Aug. 5, 1930.

12. When the aforesaid payments by the plaintiff on account of principal and interest on defendant's mortgage were made, the plaintiff had no actual knowledge of the existence of the aforesaid judgment against Charles W. Geick and Bertha Geick.

From the foregoing facts, we reach the following

### Conclusions of law.

1. The judgments entered against Charles W. Geick and Bertha Geick are not liens against real estate, the title of which is held in the name of Charles W. Geick and Bertha L. Geick, his wife, as tenants by entireties.

2. Arch Street Building and Loan Association, a corporation, now merged into Reserve Fund Building and Loan Association, the plaintiff, holds title to premises No. 3122 North Marston Street, in the City of Philadelphia, hereinabove referred to, under and subject to a certain mortgage in the sum of $2500 executed and delivered on Feb. 5, 1926, to, and now owned by, Anna B. Sook, the defendant. Said mortgage is recorded in Mortgage Book J. M. H., No. 5052, page 439, etc.

3. The bill should be dismissed.

4. The plaintiff should pay the costs of this proceeding.

Accordingly, we enter the following

### Decree.

And now, to wit, Feb. 5, 1931, this cause having come on to be heard upon bill, answer and proofs, upon consideration thereof it is ordered, adjudged and decreed:

1. That Arch Street Building and Loan Association, a corporation, now merged into Reserve Fund Building and Loan Association, the plaintiff, holds title to premises No. 3122 North Marston Street, in the City of Philadelphia, under and subject to a certain mortgage in the sum of $2500 executed and delivered on Feb. 5, 1926, to, and now owned by, Anna B. Sook, the defendant, which said mortgage is recorded in Mortgage Book J. M. H., No. 5052, page 439, etc.

2. That the bill be dismissed.

798

3. That the plaintiff pay the costs of this proceeding.

The prothonotary will enter this decree *nisi* and give notice thereof to the parties or to their counsel, and, unless exceptions are filed thereto within ten days, either party may present to the court a form of final decree to be entered in the case.