## Lynch v. Bishop

*John W. Mentzer*, for exceptant; *John P. Sipes*, contra.

McPHERSON, P. J., June 12, 1934.—The exceptions filed to the report of the auditor appointed to make distribution of the proceeds arising from the sheriff's sale of the real estate raise the question of priority of distribution between a judgment in favor of Nora W. Bishop entered on the appearance docket of the Court of Common Pleas of Fulton County on February 27, 1932, but indexed (on the same day) in the judgment index of said court under a wrong subdivision of the letter B, the first letter of Bishop, the surname of defendant, and of the above-styled judgment entered on May 23, 1933, in the appearance docket of said court and indexed in the judgment index thereof in the proper subdivision of the letter B, the first letter of Bishop, the surname of the defendant, the plaintiff in the latter judgment having searched the records of the court before the entry of the judgment and failed to find the first judgment, which was wrongly entered.

The sheriff's sale was on an execution issued upon the second judgment, and the plaintiff therein became the purchaser of the real estate so sold. The purchase money was insufficient to pay the costs and the principal of either of the judgments.

Under the agreed statement of facts filed before the auditor by the plaintiffs in the judgments, the plaintiff in the judgment filed May 23, 1933, had no actual notice of the first judgment. Neither had he examined the records of the court before he received from the defendant the note on which his judgment was entered.

The auditor distributed the fund, after payment of costs, to the judgment entered February 27, 1932. The plaintiff in the above-entitled judgment filed exceptions which raise only the question of priority of distribution.

As between the parties, a judgment is secured when the entry thereof is made in the appearance docket of the court of common pleas: Trestrail v. Johnson, 297 Pa. 49; Wood v. Reynolds 7 W. & S. 406.

But as to subsequent judgment creditors and purchasers, without actual notice or otherwise, the state of the judgment index is determinative and controlling in the distribution of the proceeds of a sheriff's sale of the premises liened. This is specifically ruled in Mann's Appeal, 1 Pa. 24.

That case has been cited with approval in a long line of subsequent cases and, so far as search discloses, has never been overruled. The facts of that case are on all fours with the instant case and it controls the disposition of the latter.

It may be noted that, under the law, it is the duty of the plaintiff to see that the judgment is properly entered and indexed: Wood v. Reynolds, 7 W. & S. 406; Mann's Appeal, supra.

In view of these authorities, we are of the opinion that the conclusion of the auditor is an error and the exceptions filed should be sustained.

And now, it is ordered and decreed that the exception filed be sustained; that the purchaser at the sale shall pay the sheriff of Fulton County, in addition to the costs of sale already paid, an amount sufficient to pay the costs of the audit and the costs accrued subsequently thereto, and give to the sheriff his receipt for the remainder of the proceeds of sale which is subject to distribution to judgment creditors.