Coral Gables, Inc., Appellant, *v.* Kerl.

Argued March 22, 1939.  Before Schaffer, Maxey, Drew, Linn and Stern, JJ.

442

*William S. Doty,* with him *Thomas A. Thornton,* of *Doty & Thornton,* for appellant.

*Hugh P. Sowers,* for appellee.

OPINION BY MR. JUSTICE STERN, May 15, 1939:

Caroline C. Kerl agreed to purchase two lots of ground in Florida from Coral Gables Corporation and in the transaction gave promissory notes which the corporation subsequently endorsed over to Coral Gables, Inc. The latter brought suit on the notes and on February 23, 1937, obtained judgment against Caroline C. Kerl for the sum of $12,081.56 for want of a sufficient affidavit of defense. While the suit was pending, on September 17, 1936, Emma B. Gross, holding a judgment note signed by Caroline Kerl, dated May 23, 1936, entered judgment thereon against Caroline Kerl in the sum of $2,993.36. Caroline Kerl and Caroline C. Kerl are one and the same person. Title to real estate in Pittsburgh was held by her in the name of Caroline C. Kerl. Coral Gables, Inc. did not know of the judgment in favor of Emma B. Gross until several months after it had obtained its own judgment. A controversy as to the relative priority of the two judgments arose from the fact that the Gross judgment, as entered, did not contain the middle initial of the debtor. In order that an adjudication of the rights of the two creditors might enable them intelligently to bid at a sale of the real estate on execution, Coral Gables, Inc., filed a petition for a declaratory judgment, naming as defendants Caroline C. Kerl, otherwise known as Caroline Kerl,

and Emma B. Gross. They failed to appear or to answer, and the court entered a judgment by default, decreeing that the Gross judgment was subsequent in lien to the Coral Gables judgment. Emma B. Gross filed a petition to show cause why this judgment should not be opened, alleging, as an excuse for her failure to file an answer, that an extension of time had been granted to her counsel for that purpose. Coral Gables, Inc., filed an answer to the petition, and depositions were taken covering the merits of the question involved, it being agreed by counsel that if the court should decide that the Gross judgment was entitled to priority the declaratory judgment should be opened. The court did so decide and accordingly opened the judgment it had declared by default. The correctness of this decision is challenged on appeal by Coral Gables, Inc.

The court found from the testimony that there was no other person by the name of Kerl living in Allegheny County and that Miss Kerl was known by several first names, her name being sometimes written Carolyn Kerl, sometimes Carolina C. Kerl, sometimes Caroline Kerl and sometimes Caroline C. Kerl. It appeared that her safe deposit box in the Commonwealth Trust Company and her telephone listing were in the name of Carolyn Kerl, her savings account in the First National Bank of Zelienople in the name of Carrie Kerl, and her charge account at Kaufmann's Department Store and her account with the Peoples Savings and Trust Company of Pittsburgh in the name of Caroline Kerl.

The Act of March 29, 1827, P. L. 154, section 3, provides for the maintenance by prothonotaries of the courts of common pleas of judgment dockets, and the Act of April 22, 1856, P. L. 532, section 3, of judgment indices. Their object is the furnishing of notice to purchasers, subsequent encumbrancers, and others in interest: *The York Bank's Appeal*, 36 Pa. 458, 461. Actual notice of a defectively entered judgment, if received by a subsequent lienor before his interest attaches, is as effective to

give priority to the judgment as is the constructive notice given by the judgment docket: *The York Bank's Appeal,* 36 Pa. 358; *Hamilton's Appeal,* 103 Pa. 368; *Butts v. Cruttenden,* 14 Pa. Superior Ct. 449, 455; *Lambert v. K-Y Transportation Co.,* 113 Pa. Superior Ct. 82, 85. But appellant had no actual notice of the Gross judgment, and the sole question, therefore, is whether the docketing and indexing of the judgment in the name of Caroline Kerl constituted constructive notice.

There are in the books many cases dealing with judgments against debtors whose names are entered in abbreviated or incorrect forms, but it is difficult, if not impossible, to deduce from them a simple rule which furnishes the key to a ready solution of each and every case. If the first, or Christian, name of a defendant is not entered on the judgment docket, the judgment, though valid as between the parties, will not affect subsequent purchasers or judgment creditors: *Ridgway, Budd & Co.'s Appeal,* 15 Pa. 177; *The York Bank's Appeal,* 36 Pa. 458; *Smith's Appeal,* 47 Pa. 128; *Hamilton's Appeal,* 103 Pa. 368. The initial of the first name is sufficient, at least where the person is well known by the shortened designation: *Jones's Estate,* 27 Pa. 336; *Stark v. Lamberton,* 282 Pa. 219. But if initials are employed instead of first names, errors therein are as fatal as they would be in the names themselves: *Esther Hutchinson's Appeal,* 92 Pa. 186; *Peck's Appeal,* 11 W. N. C. 31; see also *Massey v. Noon,* 1 Pa. Superior Ct. 198. A common variant of the first name, as, for example, "Frank" for "Francis," or "Kate" for "Catherine," is unobjectionable: *Burns v. Ross,* 215 Pa. 293; *The Ohio-Penna. Joint Stock Land Bank v. Miller,* 107 Pa. Superior Ct. 239. A slight variation from the accurate spelling of even the surname has been regarded as innocuous under certain circumstances. For example, a judgment against "Bobb," the debtor's real name being "Bubb," was held good as against a subsequent purchaser where it was shown that according to the

usage of the German-speaking portion of the population in the county where the case arose the two names thus differently spelled would sound exactly alike: *Myer v. Fegaly,* 39 Pa. 429. For the same reason, a judgment against "Henry Hackman" filed in the name of "Henry Heckman" was upheld as against subsequent liens correctly entered: *Bergman's Appeal,* 88 Pa. 120.*

Coming more particularly to cases where a judgment was entered which improperly either inserted or omitted a middle initial of the debtor, we find that in *Wood v. Reynolds,* 7 W. & S. 406, John M. Gruver gave to Wood a judgment note which was entered against him in the name of John Gruver. An intending purchaser of John M. Gruver's land obtained a list of the judgments against John M. Gruver from a clerk in the prothonotary's office, but the Wood judgment was not in the list. The court held that he took title free of that judgment. It appeared that there were two John Gruvers, against one of whom there were various judgments of record. In *Crouse v. Murphy,* 140 Pa. 335, the title to land was in Daniel J. Murphy. He signed a judgment note in the name of Daniel Murphy and judgment was entered on it in that name. It was held that this judgment would not bind the land as against a purchaser who had made search for judgments against Daniel J. Murphy. It was shown that there were other persons of the name of Daniel Murphy residing in the city of Philadelphia where the land was situated and the case arose; indeed, in the city directory the name of Daniel Murphy, with various middle letters and without any, occurred twenty times. In *Fourth Bleucher Building Assn. v. Halpern,* 270 Pa. 169, a mortgage executed by Harry Halpern was held not to be discharged by a sheriff's sale where a prior judgment had been entered against the mortgagor under the name of Harry L. Hal-

---

* See, however, *Heil & Lauer's Appeal,* 40 Pa. 453; *Delaney v. Becker,* 14 Pa. Superior Ct. 392.

pern and so indexed but the mortgagee had no notice at the time his mortgage was executed that Harry L. Halpern was the same person as Harry Halpern. The controversy in that case was between the mortgagee and the grantee of the purchaser at sheriff's sale, thus necessitating the consideration of other principles than those which would apply to judgment creditors claiming priority of their respective liens. (See *Pennsylvania Company for Insurance on Lives and Granting Annuities v. Halpern,* 273 Pa. 451, 454, 455.) In *Butts v. Cruttenden,* 14 Pa. Superior Ct. 449, where the debtor was known indifferently as William or William J. Cruttenden, obligations being given by him both with and without the middle letter, a judgment entered against him in the name of William Cruttenden was accorded priority over a subsequent one in the name of William J. Cruttenden although the land sold at sheriff's sale was held in the latter name. It appeared that while the holder of the later judgment was aware of the existence of the former one it was not proved that he knew that William and William J. Cruttenden were one and the same person. The court held that it was his duty, as a reasonably prudent man, to have gone to the owner of the prior judgment and made inquiries which would readily have revealed the identity of their common debtor. RICE, P. J., said (p. 456): "Proof that brings home knowledge of a fact to a person, if he will but use his senses and reasoning faculties, is in a great variety of cases held to be sufficient to affect him with notice. As long as it is the law that notice of liens defectively docketed is provable by parol (York Bank's Appeal), why should this common sense principle be wholly ignored in disputes between prior and subsequent lien creditors?" In *Arch Street Building & Loan Assn. v. Sook,* 104 Pa. Superior Ct. 269, a judgment against Bertha Geick was held not to give notice to a subsequent mortgagee where the debtor's real name was Bertha L. Geick. There also, however, the controversy

arose between a mortgagee and a purchaser at sheriff's sale, and the case must be viewed in the light of the discussion on that point in *Pennsylvania Company for Insurances on Lives and Granting Annuities v. Halpern*, 273 Pa. 451, 454, 455, previously referred to.

A consideration of these typical decisions leads to the conclusion that the courts have viewed these situations from a practical standpoint. It is not necessary that the name of the judgment debtor as docketed and indexed should be letter-perfect, nor do the cases hold that the omission of the middle initial in the entry of a judgment automatically and inevitably vitiates the entry and subordinates it to subsequent judgments more accurately docketed. Each case must depend upon concomitant circumstances. The freedom with which persons use their names in various forms demands a corresponding flexibility in the law if it is to conform to the habits and usages of life rather than be unduly technical. The sole function of a name is to identify the person whom it is intended to designate, and therefore all that is legally necessary in the docketing and indexing of judgments is that the defendant should be individuated with a degree of accuracy sufficient either to lead a reasonably careful searcher to conclude that he is the person who is the object of the search, or to suggest to the searcher the wisdom of inquiry to ascertain the fact. Where there is enough to put an ordinarily prudent person upon guard, inquiry becomes a duty, and if an investigation, reasonably pursued, would disclose the identity of the judgment debtor, the subsequent lienor is bound by notice of the previous judgment even though inaccurately recorded. As was said in *Stark v. Lamberton*, 282 Pa. 219, 221: "The law merely requires an index that will naturally lead the investigator to a discovery of the judgment and an identity of the defendant." If the index meets that requirement it has served its legal purpose.

There is nothing in the evidence in the present case to indicate that the correct name of Miss Kerl was Caroline C. Kerl any more than it was Caroline Kerl. It was not shown that the initial formed a part of her original name, or that she was more generally known by the name with it than without it, or when or how she assumed it, or that she herself regarded it as essential to her proper designation. (See *Butts v. Cruttenden,* 14 Pa. Superior Ct. 449, 456.) The fact that Caroline Kerl is a name which is not only unusual but probably even unique is also to be taken into consideration. As already stated, the court found that there was no other person of that name in the county. This constitutes an important element of distinction from the facts in *Wood v. Reynolds,* 7 W. & S. 406, and *Crouse v. Murphy,* 140 Pa. 335. In the case of a name which is common there is more need for accuracy in description, in order to identify the particular debtor, than where the name is a rare one. Any reasonably careful person interested in knowing whether there was a Caroline Kerl and also a Caroline C. Kerl in Allegheny County, or whether they were one and the same person, could readily have satisfied himself upon that point. A mere glance at the city directory would doubtless have answered the question. As a matter of fact, when Coral Gables, Inc., did make an examination of the judgment index some months after the entry of its judgment, it discovered and noted the Gross judgment, sent its agent to interview Emma B. Gross, and discovered that *her* debtor, Caroline Kerl, and *its* debtor, Caroline C. Kerl, were identical, which significantly points to the conclusion that the Gross judgment, as indexed, was sufficient to invite an inquiry which, when made, led easily to a discovery of the fact.

It being our conclusion, for the reasons stated, that the court below was correct in according priority to the Gross judgment over the Coral Gables judgment, its order is affirmed. Costs to be paid by appellant.