Davis, Respondent, vs. Steeps and another, Appellants.

*March 22 — April 10, 1894.*

Judgment: Docketing: Omission of initial: Lien on land: Notice: Agency: Abstracter of title.

1. Where an abstract of the title is furnished by the vendor of land, the person making such abstract is not an agent of the vendee so as to charge the latter with actual notice of facts learned in making it.
2. The docket entry of a judgment against Edward Davis was not constructive notice of a lien on the real estate of E. A. Davis or Edward A. Davis.

APPEAL from the County Court of *Winnebago* County.

This action was brought to obtain a perpetual injunction restraining the defendant *Frank Steeps*, who had recovered a judgment against one Edward Davis for $61.04, docketed in the office of the clerk of the circuit court of Winnebago county January 4, 1889, and the defendant *Kloeckner*, as sheriff of Winnebago county, from selling the premises described in the complaint on execution issued out of said court upon said judgment.

One E. A. Davis, of Oshkosh, Wis., acquired the legal title to the lot in question November 21, 1887, by a warranty deed thereof to him by that name, and January 22, 1892, sold and conveyed it, by the same name, by warranty deed to the plaintiff for a valuable consideration then paid; and she had no knowledge or information at the time of the completion of her purchase that there was any judgment that was a lien against the lot, or that there was any judgment against her grantor, E. A. Davis, by any name whatever, though as a matter of fact the said Edward Davis, against whom the judgment had been rendered, was the E. A. Davis, owner of the premises which were so sold and conveyed to the plaintiff. He was and had been a resident of Missouri ever since December, 1888, and there

was no judgment docketed or filed in the office of the clerk of the circuit court of the county against the name of E. A. Davis. There was nothing in the transcript of the judgment so filed and docketed against the name of Edward Davis giving any information as to the description or residence of the plaintiff or defendant. There are, and have been for a long time, other persons by the name of Edward Davis living in said county, who had no middle name or initial. The Christian name of the said E. A. Davis is Edward; and at the time of the plaintiff's purchase, and for a long time prior thereto, said E. A. Davis was generally known as "Edward Davis," and by some as "Edward Davis the Second," to distinguish him from the plaintiff's husband, who was known as "Edward the First," of which the plaintiff then had notice. The defendant *Steeps*, prior to the time of taking his judgment, knew that said E. A. Davis' name was Edward A. Davis.

There was evidence that the plaintiff's husband acted as her agent in making the purchase, and made it from one C. D. Church, the agent of said E. A. Davis, and that said Church furnished an abstract of the title, procured from the Winnebago Abstract Company. And Mr. Powers, who made it, testified that he examined the records to see if there were any judgments against E. A. Davis, but found none; that he found one against Edward Davis, and one against E. H. Davis, but he did not put them on the abstract; did not think they ought to go on.

The court held that the judgment in favor of the defendant *Frank Steeps* was not a lien on the premises in question, as against the plaintiff or any one claiming under or through her, and gave judgment granting the perpetual injunction prayed for, from which the defendants appealed.

For the appellants there was a brief by *J. W. Crozier*, attorney, and *Thompson, Harshaw & Davidson*, of counsel,

Davis vs. Steeps and another.

and oral argument by *Mr. Crozier.* To the point that the judgment docketed against Edward Davis was a lien upon the property of E. A. Davis, they cited 3 Washburn, Real Prop. (4th ed.), 265; *Games v. Stiles,* 14 Pet. 322; *Franklin v. Talmage,* 5 Johns. 84; *Keene v. Meade,* 3 Pet. 1; *Kellam v. Toms,* 38 Wis. 601; *Johnson v. Day,* 2 N. Dak. 295; 16 Am. & Eng. Ency. of Law, 114; *Thompson v. Lee,* 21 Ill. 242; *People v. Cook,* 14 Barb. 259, 307; *Milk v. Christie,* 1 Hill, 102; *Roosevelt v. Gardinier,* 2 Cow. 463; *Rooks v. State,* 83 Ala. 79; *Bratton v. Seymour,* 4 Watts, 329; *People ex rel. Yates v. Ferguson,* 8 Cow. 106; *Seely v. Schenck,* 2 N. J. Law, 75; *Schofield v. Jennings,* 68 Ind. 232, and cases cited; *Enewold v. Olsen,* (Neb.) 57 N. W. Rep. 765; *Coit v. Starkweather,* 8 Conn. 289; *Johnson v. Hess,* 126 Ind. 312; *Tucker v. People,* 122 Ill. 583; *Long v. Campbell,* 37 W. Va. 665.

*B. E. Van Keuren,* for the respondent.

PINNEY, J. There is no ground for claiming that the plaintiff had actual notice of the existence of any judgment lien against the property of her grantor, or of any facts and circumstances sufficient to put her on inquiry in that behalf. The abstract of title was furnished by and on behalf of her vendor; and Mr. Powers, who prepared it, and in so doing discovered that there was a judgment docketed against Edward Davis, was not the agent of the plaintiff for any purpose connected with the sale and conveyance of the lot. Hence, there can be but one ground for affecting the plaintiff with notice of the existence of a judgment lien against the lot, namely, by constructive notice by matter of record appearing upon the docket of judgments in the office of the clerk of the circuit court of the county.

The docket of a judgment, in order to operate as constructive notice, must contain all the essential matters re-

quired by law. The statute in relation to the docketing
of judgments requires the clerk of the circuit court to
"enter in a judgment docket, either arranged alphabet-
ically or accompanied by an alphabetical index, in books to
be provided by the county and kept by him, a docket of
such judgment [among other things] containing: (1) The
name at length of each judgment debtor, with his place of
abode, title, and trade or profession, if any such be stated
in the record.   (2) The name of the judgment creditor, in
like manner." It is only through the medium of a suffi-
cient and legal docketing of the judgment that it can be-
come a lien on the real estate of the judgment debtor; and
it is the duty of the judgment creditor to see to it, if he
would secure such lien, that his judgment is properly
docketed, for, as against a *bona fide* purchaser for value,
any material defect or omission in that respect is the fault
of the judgment creditor, and the loss, if any, occasioned
thereby will be regarded as his own.   *Wood v. Reynolds,*
7 Watts & S. 406; *Hutchinson's Appeal,* 92 Pa. St. 186;
*Johnson v. Hess,* 126 Ind. 298.

Was the name of the judgment debtor, whose true name is
Edward A. Davis, so designated upon the judgment docket
by the name of "Edward Davis" as to make the judgment
in question a lien on his real estate and constructive notice
to subsequent purchasers?   It is true that the common law,
as a general rule, recognizes but one Christian name; and
hence, for most purposes, the middle name or names, or
the middle initial letter or letters, of a person's name, are
not material, either in civil or criminal proceedings, and a
variance in this respect is generally held to be immaterial.
The omission or insertion of, or even a mistake in, a per-
son's middle name or initial in a conveyance, is, as between
the parties thereto, unimportant; and there can be no doubt
but the judgment in this case, as between the parties, is a
valid judgment against E. A. Davis or Edward A. Davis,

by whichever name he may be known or called. The authorities collected in 16 Am. & Eng. Ency. of Law, 114 *et seq.*, contain numerous citations to the foregoing effect.

But the question, we think, is materially different in the case of a docket entry of a judgment, in order to make it a lien and effective as constructive notice thereof to subsequent purchasers, where the statute for that purpose requires the entry upon the book of "the name at length of each judgment debtor." In *Terry v. Sisson*, 125 Mass. 560, which was a trustee process, it was held, in accordance with numerous decisions in that state, that the middle name or initial is an essential part of the name, and that Sarah Sisson and Sarah F. Sisson were different names, and that the service upon the bank of process, as trustee of Sarah Sisson, was not sufficient notice of itself to bind the funds of Sarah F. Sisson in the hands of the bank, and that, it having paid over the funds to the latter, it could not be made liable to pay the same again to the plaintiff in the suit. *Parker v. Parker*, 146 Mass. 320. In *Dutton v. Simmons*, 65 Me. 583, the cases are considered at length, in this aspect of the question, in a learned opinion; and it was held that a certificate of attachment of the real estate of Henry M. Hawkins, when the name of the defendant in the writ was Henry F. Hawkins, was such a misdescription of the person sued as rendered the attachment of the real estate of the latter void. In *Wood v. Reynolds*, 7 Watts & S. 406, it was held that the omission of an initial letter in the defendant's name in the docket of judgment, which distinguishes him from others of the same name, whereby a purchaser of the defendant's real estate is deceived, although the judgment would be binding as to the original parties to it, would be of no effect as against a purchaser; and there are many other cases in the Pennsylvania Reports to the same effect. In *Hutchinson's Appeal*, 92 Pa. St. 186, it was held that the omission of a middle letter in

a name in the judgment index was fatal to a lien, and that the rule which requires the judgment index to give accurate information cannot be departed from; and very recently, in *Crouse v. Murphy*, 140 Pa. St. 335, the same ruling was repeated.

The object of the statute is that the judgment docket shall, of itself, furnish reasonably satisfactory evidence whether an incumbrance by judgment exists against the party from whom one is about to make a purchase of real estate. Here the title was in E. A. Davis, and he conveyed the lot by the same name. The docket entry of a judgment against Edward Davis was not, we think, constructive notice that there was an incumbrance against either E. A. Davis or Edward A. Davis. As already observed, the plaintiff had no notice of the actual identity of Edward Davis and E. A. Davis. We think the cases referred to establish a safe, as well as a reasonable, rule. It follows that the judgment of the county court is correct.

*By the Court.*— The judgment of the county court of Winnebago county is affirmed.

