## W. F. B. WICKER v. J. O. JENKINS.

Decided February 27, 1908.

### 1.—Judgment Lien—Abstract of Judgment—Record.

The certificate of the clerk attesting the correctness of the abstract of a judgment, need not be recorded in the judgment lien record.

**2.—Same—Judgment Lien Record—Blank Spaces.**

Where the record of an abstract of a judgment correctly shows the amount for which the judgment was rendered, the rate of interest and the amount of costs, the judgment lien is valid although the spaces in the record book where the amount of credits and the sum still due were to be placed, were left blank.

**3.—Same—Error in Name of Plaintiff.**

Where, in recording the name of the plaintiff in the record of abstracts of judgments, the name of the plaintiff was given as W. B. F. W. instead of W. F. B. W., the record did not create a lien on the land of the defendant.

**4.—Same—Costs—Interest.**

An error of $2.00 in the amount of costs, and a failure to include in an abstract of a judgment the interest which had accrued between the rendition of the judgment and the record of the abstract, would not vitiate the judgment lien.

Appeal from the District Court of Hutchinson County. Tried below before Hon. H. G. Hendricks.

*Coffee & Kelly* and *Willis & Willis,* for appellant.

*W. T. Allen* and *Hoover & Taylor,* for appellee.

HODGES, ASSOCIATE JUSTICE.—Appellant W. F. B. Wicker some time prior to the filing of this suit, had recovered two judgments against one Joe Phillips which were unsatisfied and subsisting at the time of this suit. One of them was for the sum of $364.27, rendered in the District Court of Wheeler County on the 8th day of September, 1903, in cause No. 241; the other for the sum of $163.47, rendered in cause No. 214 in the District Court of Hemphill County on the 8th day of January, 1904. Upon both of these judgments executions had been issued as required by law, and no payments had been made thereon nor any credits entered, but the whole amount of each was unpaid at the time this suit was entered against the appellee. On the 21st day of September, 1903, the appellant caused an abstract of the judgment in cause No. 241, in Wheeler County, to be made and recorded in the office of the county clerk of Hutchinson County on the 29th day of September, 1903. The proper date and number of the judgment were given and the amount of the same stated as $364.27, costs $11.90, rate of interest at ten percent, the amount of credits "none," and the whole amount still due at $376.17. There was no memorandum on the judgment record of the certificate of the clerk of the District Court of Wheeler County as to the abstract; neither was the interest which accrued after the rendition of the judgment and before the abstract was made, included in the amount still due, and as such incorporated into and made a part of the record of the whole sum still due. The appellant also had an abstract of the judgment in cause No. 214, in Hemphill County, made and recorded in the office of the county clerk of Hutchinson County about the same time. But in this abstract the name of the plaintiff in the suit was stated as W. B. F. Wicker, instead of W. F. B. Wicker, as it should have been. The correct amount and rate of interest were given.

At the time the abstracts mentioned were made and recorded in Hutchinson County the defendant in those suits, Joe Phillips, owned certain tracts of land in that county which were thereafter sold by him to the appellee in this suit. The land was subject in his hands to the judgment liens created by the abstracts which had been recorded by the appellant, unless the defects urged and sustained by the court below were such as to render them invalid as such liens.

In May, 1906, the appellant instituted this suit in the District Court of Hutchinson County against the appellee, seeking to foreclose those judgment liens against the lands which had been purchased from Joe Phillips by the appellee. The cause was submitted to the court without a jury. The court excluded both abstracts when offered in evidence, and rendered judgment for appellee; from which judgment appellant has appealed.

The first assignment of error complains of the action of the court in excluding the abstract in cause No. 214. The specific objections urged to the admission of this abstract in evidence were: The transposition of the two middle initials of the plaintiff in the original suit, the failure of the record to state the amount due upon the judgment and the amount of credits, and because the certificate of the district clerk of Hemphill County authenticating the abstract was not also made a part of the record.

It has been held by the Supreme Court that the certificate of the clerk attesting the correctness of the abstract need not be recorded. (Spence v. Brown, 86 Texas, 430.)

The bill of exceptions shows that the amount for which the judgment was rendered, together with the rate of interest and amount of costs, were correctly given, but that the spaces in the record book where the amount of credits and the sum still due were to be placed, were left blank. We do not think this materially varied from the statutory requirements. When the judgment abstract showed the sum for which judgment had been rendered and the rate of interest it bore, it complied with the statute in requiring the statement of "the amount for which the same was rendered and the amount still due upon the same." (First Nat. Bank of Decatur v. Cloud, 21 S. W., 770; P. J. Willis & Bro. v. Sommerville, 3 Texas Civ. App., 509.)

But the remaining objection which was urged to the admission of this abstract is not so easily disposed of. The statute requires the abstract to state the names of the plaintiff and of the defendant in such judgment. If in giving the name of the plaintiff as W. B. F. Wicker, instead of W. F. B. Wicker, there was a substantial compliance with the statute, then the court erred in excluding this evidence. There is a familiar rule of the common law which disregards the middle initial, or middle name, of a party to an instrument, and looks alone to the first initial, or the first christian name, for identification. This grew out of the former custom of having only one christian name. Since the use of more than one christian name has become almost a universal custom among the English-speaking race the rule has lost much of the reason upon which it

was originally based. This, however, is a special statutory proceeding, and must be substantially complied with in all its details. This substantial requirement is little less than a literal compliance. One of the purposes for which the record of an abstract is provided is, that parties seeking the information there required to be given should have a speedy and accurate method of obtaining it. While notice seems to be one of the purposes aimed at in the statutory provisions, it is not the only one, but the existence of the lien itself is made to depend upon complying with the terms of the statute. The record is intended to be made sufficiently complete within itself as to accurately supply all of the information concerning the facts therein required to be placed of record, without imposing upon the inquirer the necessity of going elsewhere to supplement, or to verify, what is there incompletely shown. The question then arises: Would one, in searching the record of this abstract, know that W. B. F. Wicker was the same person as W. F. B. Wicker? These three initial letters when transposed in this manner might mean entirely different persons, and might stand for wholly different christian names. It is true, that two persons sometimes have identically the same initials and surnames. But when the true name of the plaintiff is given the statute is literally complied with, and the diversity of identity is no fault of the creditor seeking to fix his lien. We have not been referred to any cases in this State where this question has been before the courts in this particular form, nor have we been able to find any. The following authorities from other jurisdictions appear to justify the conclusions we have reached: Crouse v. Murphy, 140 Penn., 335, 23 Am. St. Rep., 232; Davis v. Steeps, 87 Wis., 472, 41 Am. St. Rep., 51; Johnson v. Hess (Ind.), 9 L. R. A., 471; 23 Cyc. Law and Procedure, 1358. We think the creditor should have seen to it that the correct name of the plaintiff in the suit was given in the abstract. Failing to do so, the record did not create a lien on the land in controversy, and there was no error in excluding the evidence.

When offered in evidence the court also rejected the abstract in cause No. 241. The objections urged to this abstract were, that there was an error of $2 in the costs stated, and that the interest which had accrued between the date of the rendition of the judgment and the time of its record was not incorporated and made a part of the memorandum of the whole amount due upon the judgment, and the certificate to the abstract was not also made a part of the record. The statute does not expressly require that the abstract show the amount of costs. The language is: "The amount for which the same (meaning judgment) was rendered and the amount still due upon the same." This, we think, refers to the principal sum adjudged against the defendant, independent of the court costs. (Houston & T. C. R. R. v. Red Cross Stock Farm, 91 Texas, 628; Edwards v. Morton, 92 Texas, 152.) At the time the judgment was actually rendered by the court and entered of record, all of the court costs that might be carried with it were not ascertainable. Each execution that was issued thereafter entailed

more cost, and incidentally became a part of the judgment. The statement of the amount of costs not being required, even if there was an error in the amount stated, that did not affect the record of the abstract or defeat the lien. Nor do we think it was necessary that the clerk should have calculated and included the accrued interest up to the time of the record. If the correct sum for which the judgment had been rendered and the rate of interest were given, we think that was a sufficient compliance with the statute.

For the refusal of the trial court to permit the introduction of this last abstract the judgment will be reversed and the cause remanded.

*Reversed and remanded.*