A. M. GILBERT, as Administrator of the Estate of Oliver Wangberg, Respondent, v. J. H. GALE and F. B. Simmons, Appellants.

(196 N. W. 314.)

**Names — idem sonans held not to establish identity of judgment debtor and record owner.**

A judgment docketed as a lien upon land of *A. N. Pearson* is not presumed, through the constructive notice of the record alone, to refer, under the doctrine of "idem sonans," to one and the same person as *Andrew Pehrson* in whose name the record title to the land involved stands.

Opinion filed December 8, 1923.

Names, 29 Cyc. pp. 276 n. 60; 277 n. 63.

In District Court, Cass County, *Cole, J.*

Action to determine adverse claims.

Defendants have appealed from the judgment.

Affirmed.

*Spalding & Shure,* for appellants.

It is not uncommon to spell such words as "Bubb" — "Bobb" but the courts hold the abstracter should search for both forms of spelling,

---

Note.—Evidence as to idem sonans, 19 R. C. L. 1336.

or to be held accountable therefor. Myer v. Fegoly, 29 Pa. 429, 80 Am. Dec. 534.

When the pronunciation of names are one and the same, and the issue is free from doubt, it will be determined by the court as a question of law. State v. Williams, 68 Ark. 241, 57 S. W. 792.

The variety of names which the courts have passed upon to determine whether they are idem sonans is great, and further argument upon the subject aside from setting forth names which have been held to be idem sonans is useless. "Conda" and "Kennedy." State v. White, 124 S. W. 668; "Critz" and "Krentz." Krentz v. Behrensmeyer, 17 N. E. 232; "Deadema" and "Diadema." State v. Paterson, 38 Am. Dec. 699; "Dugald" and "Dougal." Barnes v. People, 65 Am. Dec. 699; "Faust" and "Foust." Faust v. United States, 163 U. S. 452; "Josier" and "Josiah." Schooly v. Asherst, 12 Am. Dec. 232; "July" and "Julia." Dickson v. State, 28 S. W. 815; "Kellier" and "Kealiher." Mellette v. Blake, 18 Atl. 293; "Penryn" and "Pennyrine." Elliott v. Knott, 74 Am. Dec. 519; "Pillsby" and "Pillsbury." Pillsbury v. Dugan, 34 Am. Dec. 427; "Tilter" and "Tiller." Kelly v. Kuhnhausen, 89 Pac. 603.

"We think there is nothing in an error in a name. It is now quite generally held that the omission of the middle initial, or a mistake in such initial, is entirely immaterial in legal proceedings, whether civil or criminal." Johnson v. Day, 2 N. D. 295.

*W. J. Clapp,* for respondent.

"Every detail was thus made definite. This establishes Kunze was prima facie ready and willing to purchase. Flynn v. Jordal, 124 Iowa, 457, 100 N. W. 326. The reason why the sale was not consummated was nothing of that kind, but was solely because of the condition of the record title. As to this it will not be presumed that "Krups" and "Krepps" are one and the same person, in the absence of proof under the reasoning of the recent holding of Turk v. Benson, 30 N. D. 200, L.R.A.1915D, 1211, 152 N. W. 354. And under Bruegger v. Cartier, 29 N. D. 575, 151 N. W. 34, and note in 38 L.R.A.(N.S.) 3, the title proffered was not a marketable one. Kunze had a right to refuse acceptance of such title." Harris v. Van Vranken, 32 N. D. 238.

"Whether in the case of an alleged judgment lien, which is a creature

of statute and not of contract, the same reasoning would be held equally applicable we need not here discuss." Loser v. Plainfield Sav. Bank (Iowa) 31 L.R.A.(N.S.) 1112, 128 N. W. 1011; Thomas v. Desney, 57 Iowa, 58, 10 N. W. 315; Insurance Co. v. Hesser, 77 Iowa, 381, 4 L.R.A. 122, 14 Am. St. Rep. 297, 42 N. W. 325.

## Statement.

BRONSON, Ch. J. This is an action to determine adverse claims. Defendants have appealed from the judgment. The facts are stipulated. Generally stated, they are:—Originally Nels Pehrson owned Lot Two, Block Five of Kirkham's Addition to Fargo, North Dakota. Through final decree, dated December 28th, 1914, in probate proceedings after his death, the title of the lot was vested in his widow, Bengta Pehrson. Through final decree, dated April 6th, 1917, in probate proceedings after her death, the title to the lot was vested in her heirs at law, in undivided shares, viz.:—To Emily L. Sundberg (nee Pehrson); Maria Cameron (nee Pehrson); Clara H. Pehrson; Anna K. Wharton (nee Pehrson); and to *Andrew Pehrson*. On March 18th, 1920, these heirs at law, by and through their names as above stated, conveyed such lot by warranty deed to Nick S. Breyer. On April 10th, 1922, said Breyer and his wife conveyed such lot by warranty deed to Oliver Wangberg, the original plaintiff herein. After the commencement of this action said Wangberg died. The present plaintiff, Gilbert, is the administrator of his estate. On August 2d, 1913, the defendants Gale and Simmons, in an action wherein they were plaintiffs against *A. N. Pearson,* secured a judgment against *A. N. Pearson* for $1,623.06. This judgment was entered and docketed against *A. N. Pearson.*

When Breyer made his deed, Wangberg investigated the records and found no judgment against the name *Andrew Pehrson.* He had no actual notice of the judgment against *A. N. Pearson* and no notice that the names *Andrew Pehrson* and *A. N. Pearson* referred to one and the same person. Further, he procured an abstract of the title to the lot, certified by an abstract company, which showed the lot to be free and clear of all judgment liens, without any judgment being shown against *Andrew Pehrson* and without mentioning the judgment

against *A. N. Pearson.* In fact, no judgment was ever docketed against the name *Andrew Pehrson.* Thus, Wangberg accepted the warranty deed to the lot from Breyer and paid $880 therefor. Then the lot was vacant. Subsequently, Wangberg built a substantial house upon the premises at a cost of $4,400 and took possession. Andrew Pehrson is one and the same person as A. N. Pearson, and was commonly known under the name of *A. N. Pearson.* He and his family commonly pronounced their name as "Peerson." Wangberg was not personally acquainted with Andrew Pehrson and had no knowledge or notice that the names Andrew Pehrson and A. N. Pearson referred to one and the same person except such constructive notice as the records imparted. He further had neither knowledge nor notice, prior to the commencement of this action, as to the manner in which said Pehrson commonly pronounced his name. On December 21st, 1922, defendants caused an execution to be levied upon this lot for the purpose of selling the undivided one-fifth interest of *Andrew Pehrson* therein. Wangberg sought and secured a restraining order. He instituted this action in January, 1923. The trial court found that the docketing of the judgment against *A. N. Pearson* did not give notice of a claim of a judgment lien upon property owned by *Andrew Pehrson* to subsequent purchasers for value without notice and to Wangberg; that plaintiff was entitled to have Wangberg's title quieted as against the claims of the defendants.

## Contentions.

Defendants assert that the judgment as docketed against *A. N. Pearson* was a judgment lien upon land owned by Pearson under the name of *Andrew Pehrson,* and afforded notice to Wangberg under the doctrine of "idem sonans" applicable to names. In an able brief citing many authorities, defendants contend that the question involved is one of pronunciation and not of spelling; that, consequently, the name *Pehrson* is idem sonans with the name *Pearson;* that, concerning the use of initials for the Christian names, it was proper to use the initials of Pearson's Christian names and that such initials charged the searcher of records with knowledge or notice of the full Christian names involved.

50 N. D.—27.

Plaintiff, on the contrary, maintains that as to the names involved, the rule of idem sonans may not be applied as against one having neither knowledge nor notice of the person involved or of the particular pronunciation commonly given by the family to the name; that both English spelling and English pronunciation should be brought into application when considering the names involved; that in considering the constructive notice imparted by the docketing of a judgment, as against a purchaser for value without notice, the use of initials, including the initial for the middle name, may be noted in determining the question of identity; that, in the case at bar, the application of the rule of idem sonans would impose upon the searcher a burdensome search involving a consideration of a multitude of names, variously spelled.

## Decision.

The lien of a judgment is broadcasted over the land of a judgment debtor through a name alone. It conveys through itself no notice of the land affected by description or title. Only through the constructive notice afforded by the name may one know or be put upon inquiry, in the absence of actual notice or knowledge, that the name of the judgment debtor is in fact the name of the person who owns a particular piece of land. To a purchaser of a particular piece of land, who is not acquainted with the name nor the person of a judgment debtor, nor with the name nor person of a previous owner of the land sought to be purchased, may it be said that, under the doctrine of idem sonans, the name of *A. N. Pearson* and of *Andrew Pehrson* refer to one and the same person? Defendants' contentions are based upon the claim that it must be presumed, under the doctrine of idem sonans, that the name *A. N. Pearson* and *Andrew Pehrson* refer to one and the same person. This case must be considered upon the particular facts as stipulated. It will serve no useful purpose to review the authorities at length. In this case questions concerning extraneous knowledge are eliminated. The purchaser Wangberg was not chargeable with knowledge of the particular manner in which the family commonly pronounced their name, Pehrson. The record does not reveal that the name *Pehrson* should be pronounced in English, or any other language, like *Pearson.*

It is not shown that there is any generally received or recognized English pronunciation of the names, *Pehrson* and *Pearson,* as one and the same. 29 Cyc. 277. In Webster's New International Dictionary there may be found no word commencing with the letters PEH. The name Pehrson is conceded to be a word and name of Scandinavian extraction. Again, the name Pearson, by which the party was commonly known, is evidently the Anglicized version of Pehrson, in writing. The family of Pehrson pronounced the name, Pehrson, as "Peerson;" whether this pronunciation, by the family was the foreign pronunciation or the English pronunciation the record does not reveal. Assuredly, the purchaser for value, without any notice or knowledge, was not chargeable with constructive notice or knowledge of the manner in which a foreign name might be or should be pronounced in English. The record of this judgment lien contained no criteria which would serve to afford notice that the name Pearson in writing was Pehrson in speech. Of course, there was no description of the property affected or of the man. The initial "A" might refer to Andrew; but, it would not aid in the pronunciation of Pehrson, if it did refer to Andrew and not to Aesop. The initial "N," if regarded, might differentiate; if disregarded, would not aid. See Harris v. Van Vranken, 32 N. D. 238, 257, 155 N. W. 65; Turk v. Benson, 30 N. D. 200, 204, L.R.A.1915D, 1211, 152 N. W. 354.

Upon the record we are satisfied that it may not be presumed, as a matter of law, that the names *A. N. Pearson* and *Andrew Pehrson,* under the doctrine of "idem sonans" refers to one and the same person. The judgment should be and is affirmed with costs.

CHRISTIANSON, BIRDZELL, NUESSLE, and JOHNSON, JJ., concur.