GABRIEL SCHATZ and Andrew Schatz, Copartners, Trading under the Name of Schatz Brothers, Respondents, v. KINTYRE FARMERS CO-OPERATIVE ELEVATOR COMPANY, a Corporation, Appellant.

(202 N. W. 855.)

**Agriculture — thresher's lien statement must show debtor's surname spelled correctly.**

    1. In preparing a thresher's lien it is the duty of the person entitled thereto, to include in the statement to be filed, the name of the person for whom the threshing was done, spelled correctly, so that the lien can be filed and indexed alphabetically under the first letter of such person's surname as he spells it.

**Names — thresher's lien against "Cauko" held not valid notice to purchaser from "Kauko."**

    · 2. The filing of a thresher's lien against Alex Cauko—who spells his name

Alex Kauko—and the indexing of the same under .the letter C is not constructive notice to one who purchased the grain upon which lien is claimed from Alex Kauko. The principle of idem sonans does not apply in such case.

Opinion filed January 31, 1925.

Agriculture, 2 C. J. § 131 p. 1021 n. 60.   Names, 29 Cyc. p. 278 n. 69.

Appeal, from a judgment of the District Court of Emmons County, *Wolfe*, J.

Reversed.

*Arthur B. Atkins*, for appellant.

Where an index is considered an integral part of the record, a subsequent bona fide purchaser is not chargeable with notice of the existence of an instrument not indexed or improperly indexed.   23 R. C. L. 86.

An entry of a lien in the name of "Hesse" is not notice of a lien on the property of "Hesser" nor is one searching the records put on inquiry by such entry.

Held that it is sufficient to search the index of all liens, for a judgment or other lien, and, none being indexed there, it is not necessary to refer to other indexes.   Ætna F. Ins. Co. v. Hesser, 42 N. W. 325.

As a guide to inquirers, the index is an indispensable part of the record, and without it, the record affects no part without notice. Ritchie v. Griffiths, 25 Pac. 341.

A purchaser has a right to rely on the records as how showing the exact facts notwithstanding a mistake has been made in recording. Barnard v. Camppo, 29 Mich. 164.

*Chas. Coventry*, for respondents.

The names of persons at this day are only sounds for distinction's sake, etc.   Freedman v. Goodwin, 9 Fed. Cas. 818, 820.

Persons searching the judgment docket for liens ought to know the different forms in which the same name may be spelled, and to make their searches accordingly; unless, indeed, where a spelling is so entirely unusual that persons cannot be expected to think of it.   Myer v. Fegaly, 80 Am. Dec. 534.

The law does not regard the spelling of names so much as their sound.   By the doctrine of *Idem Sonans*, if two names, although spelled differently, sound alike, they are to be regarded as the same.

Great latitude is allowed in the spelling and pronunciation of proper names, and in all legal proceedings, whether civil or criminal if two names as commonly pronounced in the English language, are sounded alike, a variance in their spelling is immaterial.   29 Cyc. 272.

BURKE, J.  This is an action for the conversion of grain upon which the plaintiff claims to have a thresher's lien.  A jury was waived and it was tried to the court, who made findings of fact and conclusions of law in favor of the plaintiff, upon which judgment was duly entered. The facts are as follows: the plaintiff threshed grain for and on the land farmed by one Alex Kauko, in both Logan and Emmons Counties, North Dakota, and filed claims for threshers' liens in both counties. The defendant bought the grain threshed upon said lands, and plaintiff, after a demand on the defendant for said grain, and a refusal of the defendant to deliver the same, brought this action for damages against the defendant for the conversion of said grain.  The liens so filed alleged that the threshing was done for Alex Cauko and were filed and indexed by the register of deeds in said counties under the letter C and not under the letter K.  The defendant inquired of the register of deeds of said counties whether there were any liens against Alex Kauko, or on his crops, and was informed by such officers that there were none.

Lars O. Kleppe, Manager of the defendant elevator company, Frank Simon, one of the bankers in Kintyre, North Dakota, and John A. Diehl, who lived in Kintyre for about fifteen years, during which time he was in the grain business, machinery business, and banking business, all testified that they knew Alex Kauko, knew his signature, did business with him, and that he spelled his name, Kauko, and that they never saw it spelled any other way.  Two notes signed Alex Kauko were identified and introduced in evidence, showing that Alex Kauko spelled his name, Kauko.  There was no evidence that the name was ever spelled Cauko, and, while it was admitted that the name Kauko was pronounced Cowko, there is no evidence that the defendant knew that Cauko was pronounced Cowko.

The learned trial judge states in memorandum opinion, "that all parties except the debtor seems to have acted in good faith, and the sole particular question in the case is who shall lose the money involved?"

This appeal presents that one question—"who shall lose the money involved?" If the thresher's lien is valid, properly filed, and indexed, so as to be constructive notice, the lower court must be affirmed, otherwise, the decision must be for the defendant. It is conceded, and this court has uniformly held, that statutory liens must contain all the information required by the statute and be filed and indexed according to law. The Threshers' Lien Law, § 6855, Comp. Laws, 1913 provides that:

"Any person entitled to a lien . . . shall, within thirty days after the threshing . . . file in the office of the register of deeds of the county in which the grain was grown a statement in writing, verified by oath, showing the amount and quantity of grain threshed, the price agreed upon for threshing the same, the name of the person for whom the threshing was done and a description of the land upon which the grain was grown."

Section 6879, Comp. Laws, 1913, provides that:

"It shall be the duty of the register of deeds to file and index any statement or lien upon personal property required by law to be filed in his office, the same as a mortgage upon personal property, the person filing the lien being treated as mortgagee and the person against whom the lien is filed as mortgagor."

Section 6765, Comp. Laws, 1913 provides that:

"Every register of deeds with whom any such mortgage is filed must endorse a number upon the same in regular order together with the time of receiving the same and must enter the name of every party thereto in a book kept for that purpose alphabetically, placing mortgagors and mortgagees under a separate head and stating in separate columns, opposite each name, the number indorsed upon the mortgage, the date thereof and of the filing . . ."

In the case of a thresher's lien, these three sections must be complied with, or it is not constructive notice. The statement filed must contain every provision that the law requires and it must be filed in the office of the register of deeds and indexed alphabetically the same as a chattel mortgage. The requirement of the name of the man for whom the threshing is done is important, for, without the name, it can not be indexed alphabetically, or at all. It will not help the situation if the first letter of the surname is wrong as in *this case*, for it is then

indexed under the wrong letter. There is no other record of liens, or of chattel mortgages, except the index and the mortgages and liens which are on file can only be found by referring to the index.

This is the first time this question has been before this court, although the lien record in this case is more defective than the record in the case of Gilbert v. Gale, 50 N. D. 414, 196 N. W. 314, and the case of Turk v. Benson, 30 N. D. 200, L.R.A.1915D, 1211, 152 N. W. 354. In the first case the court held that a judgment lien upon the land of "A. N. Pearson" is not constructive notice, under the doctrine of idem sonans, to one and the same person as "Andrew Pehrson", and the same is true in the second case as to a judgment against "William J. Ridout" upon a search for "William G. Ridout." In both cases the first letter of the surname is correct and if the same were true in the case at bar, it would at least be indexed under the proper letter and in the examination of the index, the searcher might have found information which would have put him upon inquiry to search further.

The plaintiff claims that since Kauko and Cauko are pronounced Cowko, that it is the same name and that under the doctrine of idem sonans it was the duty of the defendant to search the index under the letter "C" as well as the letter "K". Why should this burden be placed upon the defendant? The Threshers' Lien Law is enacted for the benefit of the thresher and by complying with this law enacted for his benefit, he has a lien against all the world. In this case the plaintiff knew Kauko; he did his threshing in both Emmons and Logan counties; he kept a record of the grain threshed and it was his duty to learn from Kauko the correct spelling of his name so that it could be properly indexed, alphabetically the same as a chattel mortgage, and, having failed to do so, his liens as filed and indexed were not constructive notice. The doctrine of idem sonans does not apply when the first letter of the surname is the wrong letter, although it may have a sound of some other letter. The case of Boyd v. Boyd, 128 Iowa, 699, 111 Am. St. Rep. 215, 104 N. W. 798, is a case in point. The court says:

"It is not contended by appellant that where a judgment debtor takes title to real estate in a name other than his own, and hence other than the name designated in the judgment, and afterwards mortgages the property to an innocent third person, the judgment is the para-

mount lien. It seems to be their thought that, as 'Sheffey' and 'Cheffey' are or may be pronounced alike, the instant case should be ruled by the doctrine of *idem sonans*. But this cannot be. Whatever might be said in a case presenting a fact situation different from that we have before us, it must be true here that the matter of pronunciation is of little, if any, consequence. The inquiry into the state of the records proceeds from the name recorded as the title holder. The matter of spelling then became the important thing, because the records do not speak otherwise. And it cannot be said in reason that the name 'Cheffey' appearing as title holder would of itself constitute a warning signal to look out for judgments under the name of 'Sheffey'. This being true, the situation is governed by the general rule, too well known to the profession to require the citation of authorities, to the effect that in matters of title one may rely upon the public records as written."

With same effect, although even stronger is the case of Heil's Appeal, 40 Pa. 433, 80 Am. Dec. 590, in which the court said:

"The fund was raised out of the sale of the real estate to 'George P. Yoest', and the judgment of the appellants was entered against 'George P. Joest'. It is true, that 'George P. Yoest' and 'George P. Joest' are the same person, and that in the German language the letter Y and J are pronounced alike. But in the distribution of the proceeds of a sheriff's sale, besides the question of the identity of the debtor, there is one of record notice. Upon this second question, no light is thrown by the fact that the name of the debtor, though spelled with different capitals, is the same in sound. The Act of Assembly, which requires that judgment dockets and indexes shall be kept, provides for notice to the eye, not to the ear. It contemplates that the dockets shall be kept in English, and it does not impose upon any one who searches the duty of inquiring whether some other letters may not spell the name of the debtor in another language. It was the duty of the appellants to see that their judgment was properly entered (Wood v. Reynolds, 7 Watts. & S. 406): entered so as to furnish to the eye of purchasers, and subsequent encumbrancers, that record notice which the Act of Assembly contemplates. We do not think that the legislature intended that a purchaser, or encumbrancer, in searching for a name, the initial letter of which is Y, should be under obligation to examine the index through

the letters Y and J. We must so hold, or the judgment dockets and indexes would be shorn of their value, and the statutory purpose defeated. There are many sounds in our language which are indicated by different letters in other languages. This is true, both of vowels and consonants. Thus, in the Spanish language, the initial J has the sound of H. Must a purchaser search under the letters J and H? The decree of the Court of Common Pleas is affirmed."

In the case of Wicker v. Jenkins, 49 Tex. Civ. App. 366, 108 S. W. 188, the Supreme Court of Texas says:

"This, however, is a special statutory proceeding, and must be substantially complied with in all its details. This substantial requirement is little less than a literal compliance. . . . While notice seems to be one of the purposes aimed at in the statutory provisions, it is not the only one, but the existence of the lien itself is made to depend upon complying with the terms of the statute. The record is intended to be made sufficiently complete within itself as to accurately supply all of the information concerning the facts therein required to be placed of record, without imposing upon the inquirer the necessity of going elsewhere to supplement, or to verify, what is there incompletely shown. . . . It is true that two persons sometimes have identically the same initials and surnames. But when the true name of the plaintiff is given, the statute is literally complied with, and the diversity of identity is no fault of the creditor seeking to fix his lien. . . . We think the creditor should have seen to it that the correct name of the plaintiff in the suit was given in the abstract. Failing to do so, the record did not create a lien on the land in controversy." Citing, Davis v. Steeps, 87 Wis. 472, 23 L.R.A. 818, 41 Am. St. Rep. 51, 58 N. W. 769; and Johnson v. Hess, 126 Ind. 298, 9 L.R.A. 471, 25 N. E. 445. See also Crouse v. Murphy, 140 Pa. 335, 12 L.R.A. 58, 23 Am. St. Rep. 232, 21 Atl. 358.

The liens sought to be enforced in this case are just as much statutory liens as the lien in the Texas case, and the Texas decision applies thereto. It is also in accord with the decisions of this court in the cases of Gilbert v. Gale and Turke v. Benson, supra. Plaintiffs' right of action is against Alex Kauko, who sold the grain leaving a balance of the thresher's bill unpaid and not against the defendant in

this case. The judgment entered in this case must be and is reversed with instructions to dismiss the action.

CHRISTIANSON, Ch. J., and BIRDZELL, JOHNSON, and NUESSLE, JJ., concur.