NICK S. BREYER and Louis F. Gratias, Respondents, v. J. H. GALE et al., Appellants.

(207 N. W. 46.)

**Judgment — judgment docketed against one person does not afford constructive notice of lien upon real property of any other person.**

A judgment docketed against A. N. Pearson does not afford constructive notice that it constitutes a lien upon the real property of Nels Pearson or Nels Pehrson, or Andrew Pehrson.

Opinion filed November 2, 1925. Rehearing denied December 21, 1925.

Names, 29 Cyc. p. 278 n. 68.

Appeal from the District Court of Cass County, *Cole*, J. Affirmed.

*Spalding & Shure* and *Francis Murphy*, for appellants.

The plaintiff must rely, of course, on the strength of his own title to prevail. Conrad v. Roll, 13 N. D. 199.

*Lovell & Horner*, for respondents.

Note.—As to certainty and accuracy necessary in respect of Christian names or initials in record or index relied on as imparting constructive notice, see annotation in 7 L.R.A.(N.S.) 415; 25 L.R.A.(N.S.) 1211; L.R.A.1915D, 1211; 15 R. C. L. 603.

The erroneous omission or introduction of . the middle initial in defendant's name or a mistake in such middle initial will prevent the judgment from having effect as a lien.    Turk v. Benson, 30 N. D. 200, 152 N. W. 354.

The general rule by which an initial of a middle name is regarded as no part of the name is denied application to the case of docketing a judgment for constructive notice.    23 L.R.A. p. 18.

The act of assembly which requires that judgment dockets and indexes shall be kept provides for notice to the eye, not to the ear.    It contemplates that the dockets shall be kept in English, and it does not impose upon anyone who searches the duty of inquiring whether some other letters may not spell the name of the debtor in another language.    It was the duty of appellants to see that their judgment was properly entered.    Howe v. Thayer, 49 Iowa, 154.

JOHNSON, J.    This is an action to determine adverse claims to real property.    From a judgment in favor of the plaintiffs, defendants appeal and ask a trial de novo in this court.

The case of Gilbert v. Gale, 50 N. D. 414, 196 N. W. 314, involved a state of facts substantially identical in all material respects.    For the sake of convenience, the salient facts may be recapitulated as follows:    On December 5, 1908, the fee title to the land in controversy was vested, of record, in one Nels Pearson.    On August 21, 1913, the defendants docketed a judgment against one A. N. Pearson; on December 28, 1914, the property in controversy was distributed, by a final decree of the county court of Cass county in the estate of Nels Pehrson, to one Bengta Pehrson, widow; on August 6, 1917, the same . property was again distributed by the county court of Cass county in the estate of Bengta Pehrson to various distributees, among whom was one Andrew Pehrson, as heirs at law of the said Bengta Pehrson; on March 12, 1920, the heirs at law aforesaid conveyed the premises to Nick S. Breyer, one of the plaintiffs herein.    On January 5, 1921, Breyer sold the property under a contract for a deed to one Peterson; and in October, 1922, Peterson assigned his interest in the contract to the plaintiff, Louis F. Gratias.

It is the contention of the plaintiffs, and was the conclusion of the trial court, that the record of the judgment, obtained by the defend-

ants on August 21, 1913, against A. M. Pearson did not afford constructive notice of the lien of such judgment to the plaintiffs as purchasers of the premises in controversy, in good faith and without actual knowledge whether the docketing of such judgment constitutes constructive notice in the circumstances is the principal question in this case.

Defendants contend strenuously that the title to the property having at one time been vested in Nels Pearson and that probate proceedings having afterwards been had in the name of Nels Pehrson, it appears that the names were used interchangeably, and that it was, therefore, the duty of one searching the record to consider as possible or probable liens upon the property any judgment docketed against a person spelling his surname Pearson. We think that this contention cannot be sustained, in view of the prior decision of this court in the case of Turk v. Benson, 30 N. D. 200, L.R.A.1915D, 1211, 152 N. W. 354, in which it was held that a judgment docketed against William J. Rideout did not afford constructive notice of a lien upon property owned by William G. Rideout. The plaintiff was required to search the record for liens upon the property of Nels Pearson; a judgment of record against A. N. Pearson would cast no duty upon him to make inquiry in order to ascertain whether the lien of that judgment was, in fact, a lien upon the property of Nels Pearson.

We are of the opinion that the doctrine of idem sonans has no application to the question before us. This is conceded by the appellant. We believe it is the contemplation of the recording statutes, with respect to docketing judgments, that the docket thereof shall impart notice to the eye and not to the ear; and that it is incumbent upon him who would obtain the benefit of the constructive notice imparted under the recording laws to see that his judgment is entered and docketed against the proper person and by his correct name. In the case of Schatz v. Kintyre Farmers' Co-op. Elevator Co. 52 N. D. 290, 202 N. W. 855, this court quotes with approval from Heil's Appeal, 40 Pa. 453, 80 Am. Dec. 590, as follows: "Upon this second question no light is thrown by the fact that the name of the debtor, though spelled with different capitals, is the same in sound. The act of assembly, which requires that judgment dockets and indexes shall be kept, provides for notice to the eye, not to the ear." Other cases are cited, with quotations, in

some instances, in the Schatz case which are more or less apt in the case at bar. We are of the opinion that the record of the judgment against A. N. Pearson did not afford constructive notice to the plaintiffs of the lien of such judgment upon the property of Nels Pearson or Nels Pehrson or Andrew Pehrson.

The judgment of the trial court is affirmed.

CHRISTIANSON, Ch. J., and BURKE, BIRDZELL, and NUESSLE, JJ., concur.

JOHNSON, J. In a petition for a rehearing, appellants strenuously contend that in the opinion, as filed, this court has misapplied legal principles, and that the case of Turk v. Benson, 30 N. D. 200, L.R.A. 1915D, 1211, 152 N. W. 354, has no application.

It must not be overlooked that the question here is whether a judgment against A. N. Pearson affords constructive notice to one who takes for a person who transferred the premises in the name of Andrew Pehrson. The lien of the judgment is purely statutory. It does not rest on contract, in any sense, like the lien of a mortgage.

The trial court found that the plaintiffs had no notice of the fact that the judgment debtor, A. N. Pearson, and one of plaintiff's grantors Andrew Pehrson (a remote grantor of plaintiff Gratias) was one and the same person. This finding has ample support in the testimony. The inquiry is reduced to the effect of the recording laws. The plaintiff, as the prospective purchaser, must be presumed to have investigated the title. He is charged with knowledge of every fact disclosed by the record, and of every fact which inquiry, suggested by the record, would have made known to him. The plaintiff is chargeable with notice of a judgment against A. N. Pearson, and that such judgment would be a lien against real property owned by him in the county where docketed. The property at one time was in the name of Nels Pearson, but the probate proceedings were concluded in the name of Nels Pehrson, Andrew Pehrson or A. N. Pearson was an heir of Nels Pearson or "Pehrson." Can we say that the plaintiffs were chargeable with knowledge that their grantor Andrew Pehrson, and the judgment debtor A. N. Pearson was one and the same person? We do not think so. The judgment did not disclose this fact; nor did it suggest an in-

quiry which, if pressed, would have resulted in knowledge of that fact. He might have examined the judgment roll and the evidence of the indebtedness, and not been further enlightened on the subject, because the note was executed by A. N. Pearson. In order to hold otherwise, we would have to impose on plaintiff the duty of supposing that his grantor, Andrew Pehrson had a second name; and that the first initial, A. of the judgment debtor, A. N. Pearson, might stand for Andrew, although it may as well be the initial of anyone of a multitude of proper names from Adam to Alexander; and that Pehrson and Pearson really was one and the same person.

The notice afforded through the entry and docketing of a judgment is purely theoretical and constructive; the statutory provisions in that behalf are for the benefit of the creditor; complying therewith, is a duty which he must perform if he wishes to obtain the benefit of this statutory lien against all subsequent encumbrances, purchasers or creditors. The statutes are mandatory, and constructive notice of the lien of the judgment will not arise unless their provisions have been substantially complied with.

The purpose of the recording statutes, governing the liens of judgments, is to furnish evidence to any person searching the record as to whether liens of existing judgments are encumbrances upon a particular tract of property. In the case at bar, the judgment was docketed against A. N. Pearson; the note was executed by A. N. Pearson; an examination of the judgment roll and the exhibits would not have afforded any information more enlightening than that furnished by the record of the judgment. It is as to the identity of A. N. Pearson with Andrew Pehrson from whom, as one of the plaintiff's grantors, the title is derived, that the question arises. It is only through the medium of a judgment obtained and docketed against a debtor in his right name that a lien is obtained with resulting constructive notice to all the world; it is the duty of the judgment creditor, if he would secure the advantages of his statutory lien, to see that the judgment is docketed against the debtor in his right name. If he fails in that regard, he, not the public, or innocent purchasers, should suffer the consequences. It is no hardship to put this obligation squarely upon the judgment creditor, where the legislature has clearly put it, for he is the principal, if not the sole, beneficiary of the law giving him the lien; it would be an injustice

to burden the purchaser with a duty to go outside the record and supplement by research that which is there incompletely shown. We believe that it was intended that the record should be complete in itself and should actually supply all information concerning the facts required to be placed of record without putting the prospective purchaser or inquirer to the labor of an extraneous investigation in order to complete that which the record imperfectly discloses. Measured by this, as we think proper, standard, the judgment creditor failed to bring himself within the statutes. We do not believe that it was notice to a searcher that the lien of a judgment against A. N. Pearson would attach to the property of Andrew Pehrson. In Haring v. Murphy, 60 Misc. 374, 113 N. Y. Supp. 452, it was held that the docketing of a judgment against Amanda M. Haring, did not afford constructive notice that it was a lien upon property standing in the name of Melvina Haring. In Crouse v. Murphy, 140 Pa. 335, 12 L.R.A. 58, 23 Am. St. Rep. 232, 21 Atl. 358, it was held that the record of a judgment against Daniel Murphy did not afford constructive notice, that it was a lien upon the property of Daniel J. Murphy. This case is cited with approval in Turk v. Benson, 30 N. D. 200, L.R.A.1915D, 1211, 152 N. W. 354. See also Johnson v. Hess, 126 Ind. 298, 9 L.R.A. 471, 25 N. E. 445. A. N. Pearson and Andrew Pehrson do not suggest, without further evidence, that the two names belong to one and the same person. Nor do we think that the fact that the land once was in the name of Nels Pearson, whose estate was probated under the name, Nels Pehrson, sufficiently suggests an inquiry, which should have been pressed and then would have disclosed that A. N. Pearson and Andrew Pehrson was one and the same.

Counsel contends that the record affords notice of what he claims to be the fact, namely; that "Pearson" and "Pehrson," as a family name, were used interchangeably; and that the probate proceedings in the name "Pehrson" are especially suggestive of this fact. To use the words of counsel: "We are not asking the court to presume as a matter of law in this case that the name 'A. N. Pearson' and 'Andrew Pehrson,' refers to one and the same person, but rest our right to recovery on the circumstances shown by the record that the names of 'Pearson' and 'Pehrson' *appeared through plaintiff's chain of title interchangeably.* He cannot be held to rest his title upon the name

'Pearson' and say he had no *constructive notice of the judgment against one bearing the same name."* (Emphasis ours.)

In other words, it appears to be the position of counsel that inasmuch as the title to the land stood at one time in the name of Nels "Pearson," a judgment against A. N. "Pearson," or, in fact, anybody by that surname, afforded such notice as to require the plaintiff to extend the inquiry and satisfy himself that A. N. "Pearson" and Andrew "Pehrson" was not one and the same.

Counsel says, carrying to its logical conclusion his argument that the two forms of the surname were used interchangeably, that despite the notice conveyed to him by the record title of the interchangeability of the name of "Pearson" and "Pehrson," he (plaintiff) now contends that he had no sufficient knowledge or notice of any judgment of record against one named A. N. "Pehrson." That, is, we are asked to decide the case as if the judgment had in fact been entered against A. N. "Pehrson," and not against A. N. "Pearson."

We cannot agree that this construction of the testimony helps the appellant. We have not found any authority in support of the proposition that a judgment against A. N. Pehrson is constructive notice that it is a lien on the property of Andrew Pehrson. In such a case the grantor has but one Christian name; the judgment debtor evidently has two names, one beginning with an A, which may be the initial of any one of a large number of proper names. Must the prospective purchaser assume, at his peril, that the initial A, in the name of the judgment debtor *may* be the first letter of the name Andrew; and that the middle initial N, is a superfluity in the case of the judgment debtor, or has been inadvertently, or otherwise, dropped in the case of his grantor? We do not think so. The prospective purchaser is entirely justified in assuming that supernumerary initials are not injected into the names of judgment debtors, or omitted haphazard by the grantors in deeds solemnly executed. The record in the assumed case showed plaintiffs a judgment against A. N. Pehrson; it showed plaintiff Gratias, as a remote grantor, one Andrew Pehrson. Had Breyer and Gratias gone back of the judgment roll, they would have found a note executed by A. N. Pehrson.

This seems to be a case where there was not a mistake made in using an incorrect initial, as in Gilbert v. Berry, 190 Iowa, 170, 180 N.

W. 148, but one where an initial was injected where none belonged—the grantor having no middle name. That is an error which deprives the judgment debtor of the benefit of constructive notice. See 34 C. J. 580, and cases cited.

The law does not intend to cast the burden upon the searcher of the record to go outside it and conduct an extensive investigation into the identity of individuals whose names are not more similar, or where the record is not more suggestive than is the fact in the case assumed, or in the case at bar.

With reference to Turk v. Benson, it is not necessary to enter upon a discussion as to whether it should be considered a controlling precedent in this case. We think it clear, however, that the facts in the case at bar are not at all identical with the facts which, had they existed, the court in that case suggests as possibly requiring the application of a different rule. Had the judgment in the instant case been against Andrew N. Pearson, it would not be contended that it would be constructive notice of a lien on the property of Andrew Pehrson. The hypothetical case in Turk v. Benson would (had the middle initial "J" in the name "William J. Rideout" been omitted), have brought that case within the rule of Crouse v. Murphy, supra, cited with approval in the majority opinion, and, if the Pennsylvania decision had again been followed, the judgment would not have been a lien against persons without notice other than that imparted by the record.

The petition for rehearing is denied.

CHRISTIANSON, Ch. J., and BURKE, NUESSLE, and BIRDZELL, JJ., concur.